## JOHANNES vs. YOUNGS and others.

APPEAL: *Ruling on trial, how brought up for review.*

1. The ruling of the court at the trial sustaining an objection to the admission of evidence under the complaint, and its direction that the complaint be dismissed on that ground, though reduced to writing and signed by the judge, can be made a part of the record only by bill of exceptions, and can be brought up for review, on appeal, only by appeal *from the judgment.*
2. If, in such a case, the defendant neglects or refuses to enter judgment, the plaintiff may have it entered.

APPEAL from the Circuit Court for *Kewaunee* County.

Brief for appellant by *G. G. Sedgwick;* oral argument by *G. W. Foster.*

Brief for respondents by *D. W. McLeod,* their attorney,

and *H. G. & W. J. Turner*, of counsel; oral argument by *W. J. Turner*.

PER CURIAM.  It is stated in the printed case, that when this cause came on for trial upon the issues formed by the pleadings, the defendants objected to the admission of any evidence under the complaint, on the ground that it did not state a cause of action.  It is said that this objection was sustained, and that the court ordered that the complaint be dismissed.  An appeal is taken from that order.  No bill of exceptions, however, has been settled, preserving this decision of the court with the exception thereto, as it is manifest must be done to enable this court to review it.  True, the objection to the admission of evidence under the complaint, if it was made and sustained, was in the nature of a demurrer *ore tenus*.  But still the ruling of the court upon the objection was like any other ruling made upon the trial.  It was strictly analogous to a ruling of the court excluding testimony offered, or admitting testimony objected to, or granting a nonsuit, or sustaining a demurrer to evidence.  Such decisions, even though drawn up in the form of orders and signed by the judge, do not become a part of the record, unless embraced in a bill of exceptions.  These rules of practice are elementary, and require no illustration.

In this case, the plaintiff should have settled his bill of exceptions, preserving the ruling of the court on the objection said to have been made, with the exception thereto, and brought the decision before this court for review on appeal from the judgment.  Of course no appeal would lie from anything contained in the bill of exceptions.  It is said in the briefs that no judgment had been entered.  But the plaintiff could enter up the judgment, if the defendants neglected or refused to enter it.  As the case stands, there is no course left but to dismiss the appeal.

Appeal dismissed.