43   55
82   531

GOFF vs. THE BOARD OF SUPERVISORS OF OUTAGAMIE COUNTY and another.

TAXES.  *(1) Erroneous basis of valuation vitiates tax.*
AMENDMENT OF PLEADING:  *(2) Before or after judgment.*

1. Where the assessor, in 1872, valued the lands in a town at what he thought they would bring at forced sale, knowing that this was less than the "value which could ordinarily be obtained therefor at private sale" (Laws of 1868, ch. 130, sec. 16), this violation of the statutory rule of assessment vitiates the tax, and a sale of the land for nonpayment of the tax will be restrained.
2. The complaint alleged *other* facts to show that the assessment was illegal and void, without alleging those above stated; but the latter appeared from the *answer*, as well as from the evidence of the assessor at the trial. *Held*, that the question above decided is presented by the pleadings; and if the complaint is defective in that respect, it is a proper case for amendment either before or after judgment.

APPEAL from the Circuit Court for *Outagamie* County.

Action to restrain the county treasurer from selling certain lands of the plaintiff, in the town of Cicero, for the unpaid

taxes assessed against them in the year 1872, and to have such taxes adjudged illegal and void.

After a description of the lands in question, and statements of the sum at which each parcel was assessed, and the amount of taxes charged upon each parcel in that year, the complaint alleges that the assessor, " in making the assessment of said lands for the year 1872, carelessly, heedlessly, negligently, and without reasonable care, precaution, view and examination, and with design to fraudulently discriminate against this plaintiff, so as to impose upon him more than his equal share of taxes in said town of Cicero, affixed the value of said lands thereto as aforesaid, being equal to the assessed value, or nearly so, of the best farming lands in said town, with the improvements thereon, when the assessor well knew, as the fact is, that said lands were all unimproved, and were valuable principally for the timber, originally, most of which had been cut and carried away from the said land before the assessment thereof for the year 1872 had been made as aforesaid; by which corrupt and fraudulent assessment as aforesaid, the taxes upon the land of plaintiff as aforesaid were largely increased, were unjust, unequal and inequitable, and a large amount of taxes for said year 1872, more than an equal proportion thereof, were by reason thereof imposed upon and charged to the lands of the plaintiff as aforesaid."

The complaint avers other facts which, it is claimed, render a large part of the taxes so levied, illegal and void; but they have not been considered by the court, and need not be stated. There is no other express averment that the lands were assessed upon a rule different from that prescribed by law; but it is alleged generally, that the taxes charged against the lands of the plaintiff " are unjust, unequal, inequitable and void."

The defendants, by their answer, deny that the assessor discriminated against the plaintiff's lands in making the assessment of 1872, and aver that he valued the same " honestly, equitably, justly, fairly and equally with all other lands in said

town of Cicero, and that the taxes assessed thereon were honestly, equally, equitably, legally, justly and fairly assessed on said lands, and that no discrimination whatever was made against the lands in the complaint described, either in assessing or levying taxes on said lands or otherwise." But the answer admits that the actual value of the taxable property in the town of Cicero, in 1872, was much greater than the assessed value thereof; " that the taxable lands in said town were mostly assessed at from one to two dollars per acre, and a few tracts, that were improved, at from three to five dollars per acre, while the actual value of said lands, as they are held by the owners and the plaintiff, is from eight to ten dollars per acre for wild, unimproved lands."

On the trial of the action, the assessor who made the assessment in 1872, was called as a witness on behalf of the defendants, and on his direct examination testified that he assessed the taxable property in the town at what he thought it would sell for at forced sale for cash. On his cross examination, in answer to the question, " Did you assess these lands at what you consider their market value? " the witness said, " I don't think I did. I assessed them at what I considered they would bring at forced sale. I believe I know that the cash market values of the lands were something higher than those at which I assessed them."

The trial resulted in a judgment dismissing the complaint on the merits, with costs; from which judgment the plaintiff appealed.

For the appellant, a brief was filed by *Warner & Ryan*, and the cause was argued orally by *Mr. Warner*. To the point that the valuation should be made from actual view, and that a disregard of the law by the assessor in this particular would avoid the assessment, they cited sec. 16, ch. 130, Laws of 1868, and *Hersey v. Supervisors*, 37 Wis., 75. They also argued that an intentionally excessive valuation of lands, or fraudulent discrimination by the taxing officers with the de-

sign of making the owner pay more than his just proportion of taxes, would avoid the assessment, and the collection of the tax would be restrained. *Milwaukee Iron Co. v. Town of Hubbard*, 29 Wis., 51; *Lefferts v. Supervisors*, 21 id., 688; Const. of Wis., art. VIII, sec. 1. They then reviewed at length the evidence upon the facts alleged in the complaint to vitiate the assessment.

For the respondents, a brief was filed by *Myers & Kennedy*, and the cause was argued orally by *G. H. Myers*. They contended that the complaint was not sufficiently specific, containing merely general charges of fraud and irregularity, without alleging facts and circumstances tending to support those charges (21 Wis., 185, 688; 22 id., 230; 29 id., 51, 376; 15 id., 641; 7 id., 532; Moak's Van Santv. Pl., 270; 51 Barb., 116); that if the tax appeared to be equal and just, equity would not interfere by injunction on account of mere irregularities, though such as might avoid the tax at law (14 Wis., 618, 623; 15 id., 9, 15; 16 id., 1; 17 id., 284; 18 id., 92; 29 id., 375); and that the tax in question was not shown by the evidence to be inequitable.

LYON, J. The admission in the answer, and the undisputed testimony of the assessor, show conclusively that the assessment in question was made upon a basis of value unauthorized by law. The statute provides that "real property shall be valued by the assessor from actual view, at the full value which could ordinarily be obtained therefor at private sale, and which the assessor shall believe the owner, if he desires to sell, would accept in full payment." Laws of 1868, ch. 130, sec. 16 (Tay. Stats., 400, § 31).

The assessor valued the lands in the town of Cicero at what he thought they would bring at forced sale for cash, knowing, when he did so, that such valuations were less than their market value. The rule of the statute is as certain and easy of application as any which can be devised, and is in harmony

with the requirement of the constitution, that the rule of taxation shall be uniform. The rule of the assessor is utterly uncertain, and practically leaves him at liberty to value property as he pleases, with but little regard to its actual value. No argument is needed to show that such a rule must necessarily be destructive of uniformity in valuation, and therefore in taxation; for the valuation is the basis upon which the amount of tax is determined.

The unauthorized rule of valuation adopted by the assessor goes to the groundwork of the assessment, and vitiates the tax based upon it. It was so held in *Hersey v. The Supervisors of Barron County*, 37 Wis., 75, and in the late cases of *Marsh v. The Supervisors of Clark County*, 42 Wis., 502, and *Schettler v. The City of Fort Howard*, *ante*, p. 48. Those cases are decisive of the present case; and the subject is so fully considered in the opinions, that further discussion of it here would be superfluous.

It was said on the argument, that the question we have been considering is not raised by the complaint. The *gravamen* of the complaint is, that the assessment, and consequently the tax founded upon it, are illegal and void; and certain facts are alleged in the complaint, which, it is claimed, demonstrate that they are so. These allegations of fact are denied in the answer, but another fact is stated therein, which, with the evidence introduced by the defendants, shows conclusively that the same are void. The question, therefore, is presented by the pleadings; and if the complaint is defective in this particular, the defendants could not have been surprised or misled by it, and we think it a proper case for amendment, either before or after judgment. R. S., ch. 125, secs. 33 and 34.

The judgment of the circuit court must be reversed, and the cause remanded for further proceedings according to law.

*By the Court.* — It is so ordered.