SINGLE vs. THE TOWN OF STETTIN and others.

*May 29 — June 23, 1880.*

EQUITY: STAY OF PROCEEDINGS. *When action to avoid tax must be stayed.*

Where the court, in an action to avoid a tax, finds that the assessor totally disregarded the statute in valuing the property in the town, and assessed the property on a basis of from one-third to one-half its actual cash value, it is then the duty of the court, of its own motion (where such relief is not asked by the defendant), to stay proceedings in the cause until a reässessment be made, as provided by the statute (R. S., sec. 1210*b*, as amended by ch. 255 of 1879); and a judgment for plaintiff rendered without such stay and reässessment is unauthorized by law, and will be reversed on appeal of the defendants.

APPEAL from the Circuit Court for *Marathon* County.

This action was brought to set aside the assessment for taxation of plaintiff's lands in the defendant town, in 1878, and to enjoin the collection of the tax out of his personal property, or the return of the land to the county treasurer as delinquent. The court found certain facts, which are stated in the

opinion, and held that the assessment of plaintiff's land, and of all the other property, real and personal, in said town, in 1878, was illegal and void; that the taxes assessed on plaintiff's land pursuant to such assessment were void; and that plaintiff was entitled to immediate judgment as demanded.

From a judgment in accordance with these conclusions, defendants appealed.

*Chas. F. Crosby*, for appellants.

For the respondent there was a brief by *B. W. James*, and oral argument by *Wm. F. Vilas*.

Cole, J.   In this case the court below, among other things, found these facts established by the evidence: That the assessor for the year 1878 intentionally, knowingly and fraudulently assessed the property in the defendant town, both real and personal, very much below its cash value, and at a less price than the owners would have been willing to take for the same, had they been desirous of selling — that is to say, upon a basis of from one-third to one-half of its actual value; that the assessment so made upon that basis was not accidental and occasional, but general; that the lands of the plaintiff, described in the complaint, were intentionally and knowingly assessed by the assessor for that year at very much more than their real value, and at a valuation above what the assessor well knew the plaintiff was willing to take for the same on a sale; that the assessor, in assessing the real estate in the town, did not consider the value of the improvements and buildings thereon, nor did he take into account the quality of the soil, the quantity and quality of the standing timber thereon, and its advantages and disadvantages of location; that, in valuing the improvements and buildings, he adopted an arbitrary rule of assessing them at from one-third to one-half of their true cash value; and that the tax for that year was levied upon an assessment made upon that basis.

It may be a very grave question whether there is really any

evidence to sustain the finding that the assessor, in making the assessment, was partial and acted in bad faith in respect to the plaintiff, or with any improper motive. We are inclined to hold, after a careful examination of the testimony, that there is no evidence which will warrant such a conclusion. But still we think the evidence does show that the assessor totally disregarded the provisions of the statute in valuing the property for taxation, and did in fact assess it on a basis of from one-third to one-half the actual cash value. The court below so finds, and there is certainly no such preponderance of testimony against that inference as will justify us in setting the finding aside. Taking, then, this fact as one established by the evidence, it follows from our decisions on the subject, that the whole assessment and tax of the town for the year 1878 was invalid; for we have often affirmed the doctrine that there must be an assessment made in substantial compliance with the statute, to support a valid tax; that assessors cannot disregard the rules of the statute, and value property according to some arbitrary basis of their own, and make the tax valid. These decisions are so familiar to the profession and the public generally, that they need not even be cited.

The assessment and tax being void for a "reason affecting the groundwork of the tax and affecting all the property" of the town, what was it the duty of the court to do under the law? Certainly not to give a judgment as it did do, cancelling the tax proceedings and perpetually enjoining the officers from attempting to collect the tax; but it should have stayed proceedings in the cause until a reässessment of the property could be made. Section 1210*b* of the Revised Statutes, as amended by chapter 255, Laws of 1879. The statute is clear and mandatory requiring the court to do this; consequently the court had no power to give the judgment which it rendered.

The validity of the law providing for a stay of the proceedings in this class of cases until a reässessment of the taxes can

be made, was fully sustained after elaborate argument, and upon great consideration, in *Flanders v. The Town of Merrimack*, recently decided by this court. 48 Wis., 567. The reasons for holding this law valid are so · fully stated by Mr. Justice LYON in the opinion in that case, that it is unnecessary to go over the discussion again. It is sufficient to say that the statute, which absolutely required the court to stay the proceedings in this action until a reässessment could be had, was binding and should have been followed. It is true, the defendant town did not ask for a stay; but it was the plain duty of the court, upon its own motion, to have ordered one. The language of the statute is imperative, that when the court shall be of the opinion, after a hearing of the cause, that the tax should be set aside for any reason affecting the groundwork of the tax and affecting all the property of the town, it shall immediately stay all proceedings in such action until, etc. Thus it will be seen that the duty of staying proceedings until a reässessment can be made is imposed upon the court, and such stay must be ordered with or without motion.

We have thus considered this case upon points argued by counsel. Strictly speaking, we should not have gone into those questions at all on an appeal from a judgment which the court under the law had no authority to render; for, according to our view, the judgment is wholly unauthorized upon the finding made. And we might very well have stopped on saying this, without going into the consideration of any other question. When the court has taken the steps which the statute contemplates should be taken, and has given judgment, then, on an appeal from such judgment, we can properly review its action in the matter. But as the case now stands, none of these questions are properly before us.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for further proceedings according to law.