JANUARY TERM, 1880. 649

Kingsley and others vs. The Bd. of Sup. of Marathon County and another.

## KINGSLEY and others vs. THE BOARD OF SUPERVISORS OF MARATHON COUNTY and another.

*May 29 — June 23, 1880.*

EQUITY: STAY OF PROCEEDINGS. *When action to avoid tax must be stayed.*

In *all* actions to avoid taxes, wherein it appears that the taxes are void on grounds affecting the assessment of all the taxable property of the town (and not merely in actions of this character commenced *against the town or its officers* before the town treasurer makes his return of delinquent taxes to the county treasurer), the statute requires the court to stay the proceedings until a reässessment be had.

APPEAL from the Circuit Court for *Marathon* County.

Action to set aside and cancel certain tax certificates issued upon sales of the plaintiffs' lands in Marathon county for the unpaid taxes assessed thereon in the years 1874 to 1877, inclusive, on the ground that such taxes were illegally levied. Certain errors, irregularities and omissions in the assessment of property for taxation in those years, in the several towns in which the plaintiffs' lands are situated, are specified in the complaint. These go to the groundwork of the tax, and affect all the taxable property in such towns. These allegations of the complaint are put in issue by the answer. The issue was tried, and the court found the facts to be substantially as alleged in the complaint. A motion on behalf of the defendants for a stay of proceedings under section 1210*b*, R. S., as amended by chapter 255 of 1879, was denied, and judgment entered declaring the taxes and certificates of sale mentioned in the complaint illegal and void, cancelling such certificates, and enjoining the county clerk from issuing deeds thereon. The defendants appealed from the judgment.

For the appellants there was a brief in behalf of *James & Crosby*, signed by *Charles F. Crosby*, and oral argument by *Mr. Crosby*.

For the respondents there were separate briefs by *Carl H.*

*Mueller*, their attorney, and *Eldred & Grace*, of counsel, and oral argument by *C. F. Eldred*.

LYON, J.   After what has been said in *Plumer v. The Supervisors*, 46 Wis., 163, and *Flanders v. Merrimack*, 48 Wis., 567, no discussion is required here on the subject of the validity of section 1210*b*, R. S., as amended by sec. 5, chapter 255 of 1879.   It is settled that the statute is valid, and must be complied with in every case coming within its provisions.

Notwithstanding the very earnest argument of the learned counsel for the plaintiffs to the contrary, we cannot doubt that this case is within the statute, and that the court, after filing its findings of fact which show that the taxes in controversy are invalid for reasons which go to the groundwork of the tax and affect all taxable property in the respective towns, should have stayed the proceedings until a reässessment can be made.

The language of the statute is broad and unqualified.   " In *all* actions hereafter tried upon issue joined in any of the courts of this state, in which it shall be sought by either party to avoid or set aside, in whole or in part, *any* assessment, tax or tax proceeding," etc., is the comprehensive language employed therein.   We are not aware of any rule of statutory construction which will authorize us to hold that the statute only applies to actions commenced against the town or town officers before the town treasurer makes his return of delinquent taxes to the county treasurer, and not to actions commenced after such return has been made.

The argument that, because of the lapse of time since the invalid taxes were assessed, it will be difficult to make a just reässessment, has but little merit.   It is the fault of the plaintiffs that they allowed so much time to elapse before commencing their action to avoid the taxes, and it may well be that the argument discloses a good reason for denying equitable relief altogether, because of the laches of the plaintiffs.

It is quite probable, however, that when the attempt to re-assess is made, many of the anticipated difficulties will vanish. At any rate, if the reässessment is honestly made, from the best sources of information available to the officers charged with the duty of making it, the plaintiffs must be content therewith. Surely any element of uncertainty therein caused by their laches ought not to invalidate it.

In *Single v. The Town of Stettin (ante* p. 645), we hold, as it must be held in this case, that, after finding the facts which bring the case within the statute, the court must order the stay of proceedings, whether a motion therefor is made or not; and that the court has no jurisdiction to render final judgment for the plaintiff until a reässessment shall be made. The judgment in this action having been rendered without such stay and reässessment, it is a void judgment, and must be reversed.

The case was argued on the merits, and the record presents several interesting legal questions. One is, whether the own-ers of a portion of the tax certificates in controversy, by pur-chase from and due assignment by the county, whose names are disclosed in the answer, are necessary or even proper parties to the action; and, not being parties, whether their rights are affected by the judgment. Similar questions in re-spect to the grantees in certain tax deeds arise in some of the cases argued with this case, and which are ruled by this opinion. Another question is, whether the failure of the assessor to attach the statutory oath to the assessment roll until after the board of equalization has acted upon the assess-ment (but which was attached before the return of delinquent taxes was made to the county treasurer), is fatal to the tax. It is also claimed that the findings of fact in respect to many of the certificates are not sustained by the proofs.

Holding as we do in this case that the circuit court had no jurisdiction to render the judgment, we cannot properly deter-mine questions going to the merits of the controversy. All

we can do is to remove the void judgment from the record, and leave the circuit court to proceed as though it had not been rendered. Upon an appeal from a final judgment in the action, which the circuit court has jurisdiction to render, these questions may properly be determined. We may be permitted to suggest that the litigation of those questions to a final judicial determination may, and probably will, be attended with an amount of trouble and expense not warranted by the sums in controversy, and that we think the parties will do well to make some fair and equitable settlement of the whole matter, thus relieving themselves and the courts of a troublesome and profitless lawsuit.

*By the Court.* — Judgment reversed, and cause remanded for further proceedings as indicated in this opinion.