51  483
77  674

### Nevil and another vs. Clifford and others.

*March 2 — March 24, 1881.*

APPEAL TO SUPREME COURT. *(1) From what determinations an appeal will lie. (2) How to procure review of refusal to admit any evidence under complaint.*

1. An appeal will not lie from any ruling or decision of the court which is no part of the record except as made so by a bill of exceptions.
2. Where, on the trial, an objection to the admission of any evidence under the complaint, on the ground of its insufficiency, is sustained, the plaintiff, if he wishes to have the ruling reversed, should not only have a bill of exceptions settled, preserving such ruling and his exception thereto, but should have judgment entered in accordance with the ruling, and appeal from such judgment.

APPEAL from the Circuit Court for *Rock* County.

For the plaintiffs (who were appellants) there was a brief by *Winans & McElroy*, and oral argument by *Mr. McElroy*.

For the defendants and respondents there was a brief by *Ed. F. Carpenter* and *Bennett & Sale*, and oral argument by *S. J. Todd* and *J. R. Bennett*.

COLE, C. J. In this case the bill of exceptions recites that on the trial the defendants' counsel objected to any testimony being given under the complaint, which objection was sustained by the circuit court. The plaintiffs' counsel then asked leave to amend the complaint by inserting additional allegations; but the court refused to allow any amendment further than to set up therein what was admitted in the answers. In

the brief of plaintiffs' counsel it is stated, that the appeal is from the order dismissing the complaint. But it does not appear from the record that any order or judgment dismissing the complaint has ever been entered in the cause. The objection is taken *in limine*, that there is nothing from which the plaintiffs could appeal. The objection is insuperable. Of course there should have been a judgment entered dismissing the complaint. No appeal lies from anything *contained in the bill of exceptions* and not entered of record. The practice in these cases, where an objection is taken on the trial to a pleading, in the nature of a demurrer *ore tenus*, is pointed out in *Johannes v. Youngs*, 42 Wis., 401. The plaintiffs should not only have settled their bill of exceptions, preserving their exception to the ruling of the court, but should have entered a judgment in accordance with that ruling, and then have taken an appeal from such judgment.

As the record stands, it is obvious there is nothing for this court to review, and the appeal must therefore be dismissed.

*By the Court.* — It is so ordered.

CASSODAY, J., took no part.