### CLARKE vs. LINCOLN COUNTY.

*March 15 — April 5, 1882.*

LIMITATION OF ACTION to cancel Tax Certificate.    *(1) Act of 1878 valid. (2) When stay of proceedings, for reässessment, imperative.*

1. Sec. 7, ch. 334, Laws of 1878, which limited the right of action to set aside tax sales, or cancel tax certificates, to a period of nine months from the date of the sale or certificate, etc., was valid.
2. In an action to cancel tax certificates on sales made in 1879, the court found that the tax whose validity is questioned was based upon an assessment of the lands of the town not made by the assessor from actual

view or the best practical information that could be obtained as to their actual value, nor at the fair cash value of the lands, or the price at which the owners would have been willing to sell them had they been desirous of so doing, and that the assessor intentionally and fraudulently assessed said lands in some cases at one-half, in others at one-third, in others at one-fourth their cash value, proceeding by an arbitrary rule regardless of the value. *Held*, that it was thereupon the duty of the court, under sec. 1210*b*, R. S., to stay all proceedings in the action until a proper reässessment of the property of the town could be made; and it was error to render judgment cancelling the certificates without waiting for such reässessment.

APPEAL from the Circuit Court for *Lincoln* County

Action, commenced November 13, 1879, to remove a cloud from plaintiff's title to certain lands, by cancelling tax certificates issued upon sales of said lands in 1877, 1878 and 1879, each of said sales being for the non-payment of taxes of the preceding year; the ground alleged for such relief being that the assessments of property for taxation for the years 1876, 1877 and 1878, in the several towns in which said lands were situate, were void. The answer alleged, among other things, that the action was not commenced within the time limited by ch. 334, Laws of 1878. The court found as facts, among other things, that the assessments of both real and personal property for taxation, in the towns and for the years in question, were not made by the assessors from actual view, or the best practical information that could be obtained as to the value of such property; that said assessors did not assess the real property liable to taxation in said towns for said years at the fair cash value of the same, or at the price at which the owners would have been willing to sell, had they been desirous of so doing; but that they knowingly, intentionally and fraudulently assessed said real estate, in some cases at one-half, in some cases at one-third, and in others at one-fourth the fair cash value; and that they assessed the same at an arbitrary uniform price per acre, regardless of its value. Thereupon the court rendered judgment cancelling the certificates in question; and defendant appealed from the judgment.

Clarke vs. Lincoln County.

For the appellant there was a brief by *W. H. Canon*, its attorney, with *Bump & Hetzel* and *P. L. Spooner*, of counsel, and oral argument by *Mr. Hetzel* and *Mr. Spooner*.

For the respondent there was a brief by *Eldred & Grace*, and oral argument by *Charles Barber*.

COLE, C. J. As to the tax certificates which were issued on the tax sales made in May, 1877, and in May, 1878, the statute of limitations, which was set up in the answer, was a complete defense, and should have prevailed. This point is expressly so ruled in the case between these parties, the decision of which is announced at the same time as this case. That it is entirely competent for the legislature to limit the right of action to set aside tax sales or tax certificates by the owner, has been repeatedly affirmed in this court, and the question is not open for debate. Therefore section 7, ch. 334, Laws of 1878, must be deemed a valid enactment; and it bars this action as to the tax certificates issued on the sales made for those years.

The judgment is clearly erroneous, also, as to the tax certificates issued on the sale made in May, 1879. The objection to the tax of 1878 doubtless went to the very groundwork of the tax, and brought the case within section 1210*b*, R. S. The statute plainly directs what shall be done in such a case. *Plumer v. Board of Supervisors*, 46 Wis., 163; *Flanders v. Town of Merrimack*, 48 Wis., 567; *Single v. Town of Stettin*, 49 Wis., 645; *Kingsley v. Supervisors*, id., 649; and *Monroe v. Ft. Howard*, 50 Wis., 228. The statute is clear and mandatory in its terms, requiring the court to stay all proceedings in the action until a proper reässessment of the property of the town can be made. This course should have been pursued as to the tax of 1878.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for further proceedings according to law.