JANUARY TERM, 1884.          71

Bradley and others vs. Lincoln County and another.

BRADLEY and others vs. LINCOLN COUNTY and another.

*February 20 — March 18, 1884.*

*Reassessment of taxes when assessment held void.*

1. Sec. 1210*b*, R. S. (relating to the reassessment of taxes which should be set aside for any reason affecting the groundwork thereof, etc.), was intended to provide a just criterion of the

amount which a tax-payer, seeking in equity to set aside an illegal tax upon his property, ought to pay as a condition of relief; and is valid.

2. The word "levy" as used in that section means merely the computation of the tax and extension thereof upon the tax roll, according to the reassessment.

APPEAL from the Circuit Court for *Lincoln* County.

The case is stated in the opinion. The assessment in question was made in the year 1882. The plaintiffs appealed from an order granting a stay of proceedings and directing that a reassessment of the property in each of the towns mentioned be made as provided by law.

For the appellants there was a brief by *Cottrill & Hanson*, and oral argument by *Mr. Cottrill*.

For the respondents the cause was submitted on the brief of *S. M. Hoyt*, attorney, and *A. A. Helms*, of counsel.

ORTON, J. The complaint charges that the lands of the plaintiffs in certain towns of *Lincoln County* were assessed in the year mentioned arbitrarily, and not from actual view, or by the exercise of judgment, and that the assessment was therefore void, and consequently the tax thereon; and the prayer is that the sale of said lands by the treasurer, *Wiley*, be enjoined, and said taxes be adjudged void, and be canceled and set aside. These allegations of the complaint were denied by the defendants. The court found substantially that the allegations of the complaint were true, and that the defects in the assessment went to the groundwork of the tax, and affected all the property in said towns subject to taxation, and thereupon granted a stay of proceedings in the action until a reassessment of the property of each of said towns could be made and had, in pursuance of sec. 1210*b*, R. S., and the acts amendatory thereof.

There is no bill of exceptions in the case, and therefore this court can only look to the complaint and finding to de-

Bradley and others vs. Lincoln County and another.

termine whether such order for a stay of proceedings was authorized by the statutes named. This proposition seems to be conceded by the learned counsel of the appellant, but he insists that these statutes are inconsistent, impracticable, unconstitutional, senseless, etc., and should not be, and cannot be, carried into effect by the courts. Very many astute and acute criticisms upon these statutes are made by the learned counsel of the appellants, tending to support these objections, but their effect to such end is not perceived by this court, although most able and ingenious.

1. The defects in the assessment go to the groundwork of the tax in all of said towns, and affect all the taxable property therein. *Hersey v. Supervisors*, 37 Wis., 75; *Marsh v. Supervisors*, 42 Wis., 502. This fact found by the court brings the case within sec. 1210*b*, R. S., and its amendments. That section provides that when the court shall be of that opinion, it shall immediately stay all proceedings in such action, etc., until a reassessment of the property of such towns can be made. This section further provides what shall be done by the town authorities in making such reassessment, and that the same, and the tax thereon levied, shall be *conclusive* of the amount of the tax justly chargeable. By sec. 1210*a* and amendments thereto it is provided that a tender by deposit in court of the taxes so justly chargeable shall be the condition of relief in such a case. Sec. 1210*b* was amended in 1879 [1] to the effect that such reassessment shall be only *prima facie* evidence of the amount justly chargeable on such lands, and that the validity of such reassessment may be contested in a certain way, and that the issue thereon may be tried by the court in a summary manner, and if such reassessment is found by the court to be valid and regular, and no objections are filed thereto by the plaintiff, he shall then pay the tax into court for the use of the defendant, as a condition of relief in the action.

[1] Laws of 1879, ch. 255, sec. 5.

The subsequent amendment of 1881[1] does not materially change these provisions.

It is very obvious that these provisions were intended by the legislature to provide a just and true criterion of the amount a tax-payer, seeking in a court of equity to set aside an illegal tax against his property, ought to pay as a condition of relief, in accordance with the maxim that "he who seeks equity must do equity." Every possible safeguard is provided for the tax-payer to ascertain his just tax by several trials, and when it is thus ascertained beyond any reasonable or legal question, he ought to pay it or retire from a court of equity. The impracticability of these provisions is more imaginary than real. A reassessment can be made by a resort to all possible means of information for the year past when the first assessment was made, and with reasonable certainty. When the assessment is made, then the *data* for the levy being already fixed for that year, the tax is a matter of computation and extension on the tax roll. The word "levy," in these sections, can have no limited or technical meaning, and, as there used, means only such computation and extension of the tax according to the assessment. The objection or criticism that such a reassessment is unjust and unconstitutional as to those who have already paid their tax on the old assessment, does not concern these plaintiffs, and they have no interest in that question, for they have not paid their tax. This question will be disposed of in a proper case. The same in substance may be said as to the objection that a reassessment is required to be ordered on *all* the property in such towns. That is the concern only of the other property owners and tax-payers, and not of these plaintiffs. We cannot, therefore, be reasonably asked to revise the opinion in *Flanders v. Town of Merrimack*, 48 Wis., 567, in relation to these questions. That opinion, it is correctly said in the brief of the learned coun-

[1] Laws of 1881, ch. 128.

sel of the appellant, only upholds the reassessed tax when made by a *uniform* rule. That uniformity consists in the assessment, or reassessment if required, of all property by uniform rules of estimation, which must embrace, of course, all the property of any given town. But I will not pursue this subject further, because the above case is exhaustive, and conclusive of every question here raised.

The validity of reassessment laws has been so many times decided by this court that the question is no longer an open one. *Knowlton v. Supervisors*, 9 Wis., 410; *Weeks v. Milwaukee*, 10 Wis., 242; *Tallman v. Janesville*, 17 Wis., 71; *Cross v. Milwaukee*, 19 Wis., 509; *Peters v. Myers*, 22 Wis., 602; *May v. Holdridge*, 23 Wis., 93; *Mills v. Charleton*, 29 Wis., 400; *Evans v. Sharp*, id., 564; *Dill v. Roberts*, 30 Wis., 178; *Whittaker v. Janesville*, 33 Wis., 76; *Marsh v. Supervisors*, 42 Wis., 502. All of the material questions here raised were disposed of in these cases, and latterly the law is assumed to be valid beyond a question, and that in such case it is imperative on the court to stay the proceedings in the action until such reassessment can be made. *Plumer v. Supervisors*, 46 Wis., 163; *Flanders v. Town of Merrimack*, 48 Wis., 567; *Single v. Town of Stettin*, 49 Wis., 645; *Kingsley v. Supervisors*, 49 Wis., 649; *Monroe v. Fort Howard*, 50 Wis., 228; *Clarke v. Lincoln Co.*, 54 Wis., 580; *Morrow v. Green Bay*, 55 Wis., 112.

Without any disrespect to the learned counsel of the appellant, we think we ought to hold that he is foreclosed as to all of his objections and criticisms by the doctrine of *stare decisis*.

*By the Court.*— The order of the circuit court is affirmed.