## GRIGGS *v.* ST. CROIX Co. and others.

*(Circuit Court, W. D. Wisconsin. 1884.)*

1. INVALID TAX—REV. ST. WIS. 1878, § 1063 —FAILURE OF ASSESSOR TO COMPLY WITH STAY OF PROCEEDINGS—REV. ST. WIS. 1878, § 1210.

    Where an assessor does not annex to the assessment roll the affidavit required by section 1063, Rev. St. Wis. 1878, the tax is invalid, and it is the duty of a court to stay all further proceedings in the case until a reassessment can be made. Rev. St. Wis. 1878, § 1210.

2. SAME—APPEARS BY ADMISSION UPON RECORD—REV. ST. WIS. 1878, § 1210—STAY OF PROCEEDINGS.

    Section 1210, Rev. St. Wis. 1878, relating to stay of proceedings, applies to cases where the fact of the invalidity of a tax appears by an admission upon the record.

In Equity.

*John C. Spooner,* for complainant.

*R. H. Start,* for defendant.

BUNN, J. This action is brought by Chauncey W. Griggs, a citizen of Minnesota, against the county of St. Croix, in the state of Wisconsin, and James A. Mapes, the county treasurer thereof, to enjoin the sale of a large quantity of lands for the payment of the taxes assessed thereon in the town of Emerald, in said county, for the year 1882, and to have such taxes, amounting to the sum of $1,912.16, declared void, and the lands upon which they were assessed, lying in said town of Emerald, declared free from the lien and payment thereof.

The bill of complaint sets up a very great number of defects in the assessment of the said lands, going to the groundwork thereof, and rendering such assessment void. Among many other defects and irregularites, it is alleged that the assessor wholly failed to assess the lands upon view, as the law required, and that he made the assessment without any knowledge of the value; that all the said lands were wild and uncultivated; that they presented a great variety of surface, some being broken and hilly and of little or no value, while others were level and fertile, well timbered, and valuable for agricultural purposes; and that the assessor valued them all arbitrarily and at nearly

uniform rates, without reference to the difference in value thereof, and without reference to the difference in location, quality of soil, or the improvements, or quantity of standing timber; that said assessor intentionally, and for the purpose of discriminating against the plaintiff and in favor of the residents of said town, valued a large portion of said lands at more than their actual value; and intentionally and fraudulently made a distinction in said assessment against the plaintiff and other non-residents, for the purpose of making them pay more than their just proportion of the taxes; that the assessor did not annex to the assessment roll the affidavit required by section 1063 of the Revised Statutes of Wisconsin.

The defendants by their answer, which is verified, deny all of the allegations of the bill except the last above-named, but expressly admit that the assessor of the town did not annex to the assessment roll the affidavit as required by the statute. The answer was filed and served on September 1, 1883. Afterwards testimony was taken in the case before an examiner upon the various issues, and the cause now comes on for hearing upon bill and answer, and upon the testimony taken.

The complainant wholly fails to make any case except upon the one question so admitted in the answer,—that the assessor failed to annex his affidavit,—but he asks for judgment upon that admission. The testimony for the defendants shows that the assessment was legally and fairly made in all respects, except in the failure of the assessor to annex the affidavit to the assessment roll, and that this omission arose from inadvertence on the assessor's part, and from his not supposing that the law required it of him, and under these circumstances it is insisted by defendant's counsel that the omission furnishes no reason for holding the tax invalid or inequitable. The court is of opinion that within the rule laid down by the supreme court of Wisconsin in *Marsh* v. *Sup'rs Clark Co.* 42 Wis. 502, this defect goes to the groundwork of the tax so as to render the entire assessment invalid. I am well aware that there are many authorities—probably the weight of authority upon the question outside of the state is the other way. But it is not desirable that there should be one rule in the state court and another in this court, under the same statute; and the case is one where this court will follow the decisions of the state court. I therefore hold that the assessment of the lands for the year 1882, upon which the tax in question was founded, was invalid, for the reason before stated.

There were several other questions discussed on the argument, but the only remaining question I care to notice is whether it is the duty of the court to stay all further proceedings in the case until a reassessment can be made. It is contended by the defendant county that this should be done in case the court is of opinion the assessment is void; while the plaintiff contends that it is not a case coming within the meaning of the statute. The section containing the pro-

vision is section 1210*b*, Rev. St., the main portion of which is as follows:

"In all actions heretofore tried upon issue joined in any of the courts of this state, in which it shall be sought by either party to avoid or set aside, in whole or in part, any assessment, tax, or tax proceeding, for any of the causes mentioned in section 1210*b* of these statutes, if the court shall be of the opinion, after a hearing in that behalf had, that, for any reason affecting the groundwork of the tax, and affecting all the property in any town, village, city, or county, said assessment, tax, or tax proceeding should be set aside, it shall immediately stay all proceedings in such action, and in all other actions brought to set aside such tax in such town, village, or city, until a reassessment of the property of said town, village, or city can be made."

It is contended by plaintiff's counsel that, as the fact appears by admission upon the record, and not by the finding of the court upon an issue joined thereon, the statute does not cover the case. But I am of opinion it does, and that the case comes within the letter as well as the intent and meaning of the statute. In two cases before the supreme court, that court has reversed the judgment below, because the court rendering it did not stay the proceedings until a reassessment should be made. See *Kingsley* v. *Bd. Sup'rs Marathon Co.* 49 Wis. 649; S. C. 6 N. W. Rep. 317; *Clarke* v. *Lincoln Co.* 54 Wis. 580; S. C. 12 N. W. Rep. 20.

In *Potter* v. *Brown Co.* 56 Wis. 272, S. C. 14 N. W. Rep. 375, the court held the statute inapplicable in case where judgment went by default. But that is not an authority here. There was no issue joined in that case, and no hearing or trial or judicial examination of the issues between the parties.

In the case at bar there is *an issue joined.* There is an issue of fact; and the admission in the answer raises an issue of law, also, that has been fully argued, and which the court is called upon to determine. And the court is of opinion, in the language of the statute, after a hearing in that behalf had, that, for a reason affecting the groundwork of the tax, and affecting all the property in the town, said assessment be set aside. There was an issue both of fact and law, and a hearing and trial thereon, followed by the opinion and determination of the court, and every inch of the case has been contested. I think the case comes within the language, as well as the meaning and intent, of the provision. Certainly, I can conceive of no good reason why the court should not order a stay in such a case as well as in one where there is a complete issue of fact joined upon all the allegations of the bill, and the principal contest and trial is upon an issue of fact instead of one mainly of law, and a finding of such issues from the evidence wholly, instead of finding them partly from the admissions in the answer. The answer was under oath, and the admission was made because the truth required that it should be made; but the defendant, as a matter of law, denies that any such effect should be given to the admission as was claimed for it upon the hearing, relying upon the evidence that such omission was not made designedly

or willfully, and that the assessment was in fact fair and equitable.

The court holds the assessment invalid, and orders a stay of proceedings in the case until a reassessment may be made according to the provisions of section 1210*b*, Rev. St., and subsequent amendments thereto.