WEBSTER-GLOVER LUMBER & MANUFACTURING COMPANY (Limited), Respondent, vs. ST. CROIX COUNTY and another, Appellants.

*September 3 — September 22, 1885.*

APPEAL TO S. C.   *(1) From what may be taken.*
TAXATION.   *(2) Valuation of real property.   (3) Discrimination.*

1. An appeal cannot be taken from findings of fact or conclusions of law.
2. The valuation of real property by the assessor at "what it would have sold for right off, then and there,— a quick sale," is a substantial compliance with the statutory rule that it shall be valued "at the full value which could ordinarily be obtained therefor at private sale." Sec. 1052, R. S.
3. Discriminations in the value of property arising from mistakes of fact or errors in computation or judgment, do not vitiate the tax.

APPEAL from the Circuit Court for *St. Croix* County.

The case is thus stated by Mr. Justice CASSODAY:

"The plaintiff owned a large quantity of land in the town of Emerald, in the defendant county. The taxes assessed against these lands in the year 1883, for all purposes, were in the aggregate $2,143.05. The plaintiff is a corporation, and a nonresident of the town, and brought this suit to restrain the collection of such taxes, and to have the same adjudged null and void.

" Upon the hearing, the court, among other things, found, in effect, (2) that the town was composed of two government townships, to wit, ranges 15 and 16 W., in township 30 N.; (3) that the taxes named were delinquent; (4) that the county treasurer was proceeding to collect the taxes; (5) that a portion of the taxes were school district taxes and highway taxes; (6) that two of the school districts in which such school taxes were assessed were each composed of territory not contiguous, and that three of the road districts in which such highway taxes were assessed were each composed of territory not contiguous; (7) that such school taxes assessed against the plaintiff's lands in such school districts amounted to $238.53, and such highway taxes assessed against the plaintiff's lands in such highway districts amounted to $89.84, making in the aggregate $328.37; (8) that the assessor of the town for that year ' did not value the real estate therein at what it would ordinarily bring at private sale, but for what it would have sold for right off, then and there,— a quick sale; and that upon such valuation all the taxes to be raised in said town for said year upon the real estate therein, other than highway taxes, were based; that said error was occasioned by a misconception of the law, said assessor supposing he was acting according to the law; (9) that the assessment roll for the year 1882, upon the valuations in which are based all the highway taxes for said year 1883, was not verified by any oath or affidavit,' the assessor thinking that the law did not require it.

" As conclusions of law the court found, in effect, (1) that so much of the plaintiff's lands as were in range 15 were not within the limits of any legally organized school district, nor any school district, and hence the school taxes assessed thereon were absolutely void, and could not be collected; (2) that such lands in range 15 were not within the limits of any legally organized road district, nor any road district, and hence the highway taxes assessed thereon were

absolutely void, and could not be collected; (3) that the rule of valuation of the real estate in the town adopted by the assessor in 1883 was erroneous, and in violation of the statutory rule, and rendered the assessment void; (4) that the plaintiff, as a condition of the relief to be granted by final judgment, and before the entry thereof, pay the county all the highway taxes due upon the plaintiff's lands in 1883 (except in the three road districts mentioned), with interest at seven per cent. per annum from the return; and upon such payment all the highway taxes be canceled, and entered as paid in full, and receipts be given therefor; (5) that the plaintiff was entitled to judgment canceling and discharging all the school district taxes charged against its lands in the two school districts named, and all the highway taxes charged against its lands in the three road districts named, for 1883, and making the injunction perpetual as to the school district and highway taxes; (6) that an order be entered staying all proceedings until a reassessment of the property of the town can be made.

"Thereupon the court entered an order reciting that the cause having been tried upon issues joined therein, and after a hearing in that behalf had, the court being of the opinion, and having found, that the assessment of the real estate in the town for 1883 was void, and should be set aside for reasons going to the groundwork of said taxes and affecting all the real estate in said town, 'ordered, that all proceedings in said action be, and they are hereby, stayed until a reassessment of the property of said town can be had.' From that order, and from the whole and every part thereof, the defendants appeal; also from the conclusions of law, and the decision of the court upon the facts found, and from the whole and every part thereof."

For the appellants there was a brief by *R. H. Start* and *L. P. Wetherby*, and oral argument by *Mr. Start*. They argued, among other things, that under sec. 1052, R. S.,

real estate is to be valued at its cash value at private sale, then and there. *Brown v. Greer*, 3 Head, 697; *State v. Randolph*, 25 N. J. Law, 430; *State v. Danser*, 23 id. 552; 1 Desty on Taxation, 548. But even if the assessor in this case erred in his construction of the statute, his mistake will not, in a court of equity, invalidate the assessment, if he acted in good faith. *Miller v. Hurford*, 13 Neb. 14; *Hurlbutt v. Butenop*, 27 Cal. 50; *Clark v. Crane*, 5 Mich. 151; *Wattles v. Lapeer City*, 40 id. 624; *Hicks v. Westport*, 130 Mass. 479; *Sprague v. Bailey*, 19 Pick. 436; 1 Desty on Taxation, 546, 548. Honest mistakes of judgment will not render the tax proceedings void at law, much less in an equitable action like this to avoid the entire tax. *Fifield v. Marinette Co.* 62 Wis. 532; *Marshall v. Benson*, 48 id. 558; *Smith v. Smith*, 19 id. 615; *Dean v. Gleason*, 16 id. 1; *Weeks v. Milwaukee*, 10 id. 242; *Bank v. Miller*, 19 Fed. Rep. 372; *Wilson v. Wheeler*, 55 Vt. 446.

For the respondent there were briefs by *H. C. Baker* and *J. B. Smith*, and oral argument by *Mr. Baker*.

CASSODAY, J. The attempt to appeal from the mere findings or conclusions of law of the trial court was nugatory. *Johannes v. Youngs*, 42 Wis. 401; *Nevil v. Clifford*, 51 Wis. 483. An appeal to this court by a party aggrieved must be from a judgment or such an order as is defined in sec. 3069, R. S., as being appealable. Sec. 3048, R. S.; *McGregor v. Pearson*, 51 Wis. 122.

But the order staying proceedings was appealable. The appeal from it, however, only brings before us for review the question whether the assessment of the real estate in the town for the year 1883 was void, and should be set aside for reasons going to the groundwork of the taxes for that year, and affecting all the real estate in the town. The trial court was of the opinion and found that the assessment was void, and should be set aside for such reasons. Such are the re-

citals upon which the order was based. These things being so, the validity of the school district taxes and the highway taxes are not before us for consideration. They can only be reached on appeal from the final judgment.

Was the trial court justified in holding that the rule of valuation of the real estate was erroneous, and in violation of the statutory rule? That court so held upon the fact found in the eighth finding of fact. From that it appears that the assessor of the town for that year valued the real estate therein at "what it would have sold for right off, then and there,— a quick sale." This was not equivalent to an arbitrary rule of assessment, regardless of value, as in *Hersey v. Sup'rs,* 37 Wis. 75. It was not equivalent to assessing the property at one third or one half its real value, as in *Schettler v. Fort Howard,* 43 Wis. 48; *Single v. Stettin,* 49 Wis. 645; and *Clarke v. Lincoln Co.* 54 Wis. 580. It was not equivalent to assessing the land at what it would bring at forced sale, as in *Goff v. Outagamie Co.* 43 Wis. 55. There is no finding and no evidence to support a finding of any fraudulent or intentional discrimination against the plaintiff in making the assessment, as in *Clarke v. Lincoln Co. supra.* At "what it would have sold for right off, then and there,— a quick sale," presupposed purchasers with money, then and there desirous of buying, and land-owners then and there desirous of selling. It moreover presupposed a private sale as distinguished from a forced public sale, regardless of any persons being present with money desirous of purchasing. The statutory rule is that "real property shall be valued by the assessor . . . at the full value which could ordinarily be obtained therefor at private sale." Sec. 1052, R. S. Of course, that rule presupposes an owner desirous of selling, and a purchaser with means desirous of buying, otherwise there could be no private sale. A sale "right off, then and there,— a quick sale," under the circumstances supposed, is substantially the same as a "private

sale" at "the full value which could ordinarily be obtained therefor" when the owner desired to sell, and persons were present with money desiring to purchase.

It appears to us, from the findings and evidence in this case, that if there was any discrimination in the valuation and assessment, it arose from some mistake of fact or errors in computation or judgment on the part of the assessor, and hence did not vitiate the tax. *Brauns v. Green Bay*, 55 Wis. 115, and cases there cited. Of course, an intentional disregard of law in such discrimination would render the assessment void, as appears from the cases cited. But this is not such a case.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.