CANFIELD, Respondent, vs. BAYFIELD COUNTY, imp., Appellant.

*January 8 — April 25, 1889.*

*(1) Taxation: Reduction of valuation by board of review: Equity. (2) Appeal: Evidence: Finding of fact: Presumption. (3) Reversal of order: Mandate.*

1. The fact that the valuation — presumably fair and equal — by the assessor of all the taxable property in a town was uniformly reduced one half by the board of review, could not prejudice a taxpayer or furnish ground for a suit in equity to set aside the taxes and restrain their collection.

2. Where a tax roll was introduced in evidence merely to show changes made by the board of review, it will not be presumed on appeal — such tax roll being absent from the record — that it showed on its face that a certain school tax was invalid, as found by the trial court.

3. In an action to set aside taxes and restrain their collection the defendant appealed from an order staying proceedings and directing a reassessment. The bill of exceptions did not contain all the evidence upon the question of the validity of the taxes. *Held,* that upon a reversal of the order the cause should be remanded for further proceedings, and not with a direction to dismiss the complaint.

APPEAL from the Circuit Court for *Bayfield* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

The plaintiff was the owner of large tracts of real estate in the towns of Washburn and Bayfield in the county of *Bayfield,* and the same had been assessed for taxes in said towns and county for the year 1886, and taxes for school, town, county, and state purposes had been levied thereon for said year 1886. Such taxes had not been paid by the plaintiff, and had been returned by the town treasurers of the respective towns to the county treasurer of said county as delinquent and unpaid upon such lands for the year 1886. After the taxes upon said lands had been so returned as delinquent, the plaintiff commenced his action in the cir-

cuit court of said county to set aside said taxes and enjoin the collection thereof, for reasons set forth in the complaint. The only allegations of fact in his complaint which tend to show that said taxes were illegal and void, and which would justify the court in granting the relief demanded, are the following:

"(1) Upon information and belief the plaintiff alleges that the assessors and boards of review of said towns, who made the assessment and equalized the same in said year 1886, knowingly and fraudulently, with intent to make the plaintiff pay more than his just share of taxes, placed valuations upon the plaintiff's said lands equal to or above the actual value, and that upon much other property in said towns, and taxable therein, the said assessors and said boards of review, with the intent to relieve the owners of such lands and property from paying their just share of the taxes, placed valuations greatly below the actual value of said lands and property; and upon such valuations the taxes for said year 1886 were computed in said towns. (2) That the town clerk of said town of Washburn arbitrarily and without authority of law carried out upon the tax roll of said town for the year 1886 the sum of $2,000 as highway tax, a *pro rata* proportion of which was carried out against the lands of this plaintiff, and as a part of the amount for which said lands are returned delinquent as aforesaid." (3) A like allegation is made as to $2,000 for school taxes in said town of Washburn. (4) A like allegation is made as to $2,000 highway taxes in the town of Bayfield. (5) A like allegation is made as to $6,350 school taxes in said town of Bayfield.

The answer admits the ownership of the lands by the plaintiff, as set out in his complaint; that the defendant Knight was the treasurer of said county, as alleged in the complaint; and that the towns of Bayfield and Washburn

caused an assessment to be made in the year 1886 of the taxable property in their respective towns, and that the town and school tax, as well as the county and state taxes, for the year 1887, were assessed thereon; and that the lands of the plaintiff were included in said assessment; and further alleges "that the said taxes therein set forth were levied on said lands; that the same have not been paid, but were returned delinquent, and are now liable for sale as delinquent lands to pay the said taxes." The answer then denies each and every allegation in said complaint, not above specially admitted.

Upon the trial in the circuit court the only evidence produced by the plaintiff to establish the allegations in his complaint was evidence which showed that the board of review of the town of Bayfield reduced the valuation made by the assessor of all the taxable property of said town as fixed by him on his assessment roll fifty per cent., making the assessed value of the taxable property in said town the sum of $716,005.25, instead of $1,432,010.50, as fixed by the assessor. No other evidence being introduced, the learned circuit judge made the following findings of fact, conclusions, and final order.

"(1) That the plaintiff is the owner of the land described in the complaint, and has been such owner ever since January 1, 1886, and that said lands were situated in the towns of Washburn and Bayfield, at the dates and times mentioned in the pleadings herein. (2) That said lands were returned by the town treasurers of said towns to the county treasurer of said *Bayfield* county, for delinquent taxes, as alleged in the complaint. (3) That the board of review of said town of Bayfield, without any evidence, reduced the valuation of the property upon the assessment roll one half for the year 1886. (4) That the allegations of the complaint as to the school tax in the said town of Bayfield

are true.   (5) That as to the rest of the taxes mentioned in the complaint the court finds the allegations of the complaint not to be true.

"As conclusions of law the court finds: (1) That the school tax of the town of Bayfield, mentioned in said complaint, is illegal and void for the reasons alleged in the complaint.   (2) That the taxes of the town of Washburn are legal and valid.   (3) That all of the taxes of the town of Bayfield are void, because of the illegal action of the board of review of said town hereinbefore set forth; and that the plaintiff is entitled to the relief demanded in the complaint.

"Wherefore it is ordered that all the proceedings in this action, and in other actions brought to set aside the taxes in said town of Bayfield for the year 1886, be stayed until a reassessment of the property of the town of Bayfield can be made.   J. K. PARISH, Circuit Judge."

From the order staying proceedings and directing a reassessment the defendant *Bayfield* county appeals.

For the appellant there was a brief by *W. W. Downs* and *Miles & Shea*, and oral argument by *W. F. Shea.*

For the respondent the cause was submitted on the brief of *Tomkins, Merrills & Smith.*

The following opinion was filed January 29, 1889.

TAYLOR, J.   We are clearly of the opinion that the learned circuit judge erred in granting any relief to the plaintiff.   On the trial no proof was made by plaintiff tending to establish any of the material allegations of the complaint which would entitle him to relief in a court of equity, admitting that the board of review of the town of Bayfield erred in reducing the assessment made by the assessor. There being no evidence offered tending to show that the assessment made by the assessor was in any respect unequal, it must be presumed that such assessment was a fair, just,

and equal assessment of the taxable property of said town. And the fact that the amount of such fair, just, and equal assessment was uniformly reduced one half, could not increase the taxes of any tax-payer in said town; and if by any possibility such alteration could diminish the plaintiff's taxes, he has no cause of complaint which can avail him in an action in equity. The plaintiff, therefore, failed wholly to show that by such act his taxes were unequal or unjust, and consequently he failed to make a case entitling him to any relief in equity. The court should have dismissed his complaint, instead of ordering a stay of proceedings and a reassessment of the property of the town.

The rule established by this court in *Mills v. Gleason*, 11 Wis. 470, "that a court of equity will not interfere to declare a tax invalid and restrain its collection, unless the objections to the proceedings are such as go to the very ground-work of the tax, and necessarily affect materially its principle, and show that it must necessarily be unjust and unequal," has been uniformly adhered to by this court; and the policy and justice of the rule, it seems to us, is unquestionable. See *Hart v. Smith*, 44 Wis. 213, and cases cited in the opinion on page 218. See, also, *Kaehler v. Dobberpuhl*, 56 Wis. 480, 483; and *Fifield v. Marinette Co.* 62 Wis. 532, 538-9. As the facts relied on by the circuit judge do not even tend to render the plaintiff's taxes unequal or unjust, no case for equitable relief was made out, and his complaint should have been dismissed.

The fourth finding of fact made by the court, viz., "that the allegations of the complaint as to the school tax in said town of Bayfield are true," was duly excepted to by the defendant. And after a careful search of the record we can find no evidence in the case which tends to sustain such finding. If it should be urged in support of the finding that the invalidity of this school tax might have appeared upon the face of the tax roll, which was introduced in evi-

Canfield vs. Bayfield County, imp.

dence, it is a sufficient answer to such suggestion that the bill of exceptions show that the tax roll was not introduced in evidence for any such purpose. The record shows that the tax roll was offered in evidence by the plaintiff for the purpose of showing the changes made by the board of re-view, and for no other purpose. As it was not offered in evidence for the purpose of showing the invalidity of the school tax, it will not be presumed, in its absence from the record, that it did show that fact.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded with directions to the circuit court to dismiss the complaint.

The respondent moved for a rehearing, mainly "for the purpose of asking the court to so modify its decision as to remit the case to the court below for further proceedings according to law, instead of dismissing the complaint." In their brief in support of the motion counsel stated that "only so much of the evidence and record in the case was brought up as was deemed necessary for the determination of the correctness of the order appealed from. There was considerable evidence given on the trial going to the question of the validity of the taxes and tax levy, but, upon consultation, the attorneys for the parties in this action thought it unnecessary to include such evidence in the bill of exceptions. Counsel for both parties agreed that, the appeal being from the order only, the findings in respect to other issues could not be reviewed by this court, but that the other questions in the case could only be passed upon after final judgment. *Single v. Stettin,* 49 Wis. 645, and *Kingsley v. Marathon Co.* id. 649."

The following opinion was filed April 25, 1889:

TAYLOR, J. A motion for a rehearing has been filed in this case mainly upon the ground that the *remittitur* should

have directed further proceedings in the case, instead of directing the circuit court to enter judgment for the defendants.

The learned counsel is undoubtedly correct as to the form of the *remittitur* upon the reversal of an order made during the proceedings in an action in the court below. The mistake made in this case was induced in part by the fact that the bill of exceptions purported to contain all the evidence given on the trial in the court below, and by the fact that the order appealed from was made by the court on the trial of the action and after the plaintiff had produced all his evidence and rested his case. Upon the record returned to this court we were very clearly of the opinion that the plaintiff was not entitled to the relief prayed for in his complaint, or to any other relief, and we therefore directed judgment for the defendants, believing that it was the understanding of the parties that the rights of the parties in the action should be determined upon the proofs as found in the record. We are now informed that evidence of other irregularities was offered on the trial by the plaintiff, and this seems to be admitted by the counsel for the appellant. That being admitted to be a fact, we think the *remittitur* should be corrected so as to simply reverse the order appealed from and direct further proceedings by the circuit court according to law, and the clerk will so correct the judgment and *remittitur*.

As this correction would have been made by calling the attention of the court to the error, without making a formal motion for a rehearing, the motion for a rehearing is denied, but without costs to either party.

*By the Court.*— Ordered accordingly.