GEORGE W. DOANE, *Guardian of* MARTHA DOANE *v.* THE HEIRS OF REUBEN DOANE, *Appellants.*

*Homestead. Dower. Probate Court.*

The provision of the act of 1855, No. 14 p. 17, that a widow's dower shall first be set out, and then her homestead, is merely directory, and the omission

to observe this order does not necessarily vitiate the proceedings in respect to the homestead. But the requirement, that the widow's share in the homestead shall be deducted from her dower, is imperative.

A widow's dower was first set out in one full third of the estate. Her homestead was afterwards set out, covering a portion of the premises embraced in the assignment of dower. *Held,* that this was a virtual compliance with the requirements of the statute, and that there was no legal incompatibility in the proceedings.

*It seems* that a division of land among the heirs of a deceased person by the probate court would have no effect upon the widow's right of homestead therein, if she was not in any way a party to such division and had no notice of the proceeding.

The parties agreed upon the following statement of facts :

Martha Doane was the widow of Reuben Doane, who died in May, 1856, leaving real estate of which he was seized in fee at the time of his death. Administration was duly granted upon his estate.

On the 2d of June, 1857, dower was duly decreed and set out according to law in such real estate to the widow. The report of commissioners setting out such dower was returned and accepted September 8th, 1857.

On the 9th of April, 1859, application was made by the guardian of the widow to the probate court to set out the homestead right of the widow in such real estate, which application was, on the 9th of June, 1859, granted. From this decree, Henry G. Cooke, one of the heirs of Reuben Doane, appealed.

Pending the application for the homestead, distribution of the estate among the heirs was ordered upon petition of the heirs filed on the 18th of April, 1859, and the report of commissioners making such distribution was returned May 23d, 1859.

The amount of the intestate's estate over and above his debts, was more than four thousand dollars.

Upon these facts the county court, at the June Term, 1860, Pierpoint, J., presiding, rendered judgment for the plaintiff, to which the appellants excepted.

*J. W. Stewart*, for the appellants.

*E. J. Phelps*, for the plaintiff.

Doane *v.* Heirs of Doane.

POLAND, Ch. J. The homestead act of 1849, now forming chap. 65 of the Comp. Stat., which, among other things, provides that "the homestead of every housekeeper or head of a family, on his decease, shall wholly pass to his widow, and children, if any there be," makes no allusion to the widow's right of dower, whatever, or to any effect which such right to the homestead would have upon her right to dower out of her deceased husband's estate. It has never been supposed, however, nor is it now claimed by the defendants, that the homestead was given in lieu of dower, or that she was not entitled to both. After the passage of that statute, there was a considerable diversity of opinion, and practice by different probate courts in the state on the subject ; some held that the widow was still entitled to hold one-third of the whole real estate left by the husband, and a homestead in addition, out of the residue ; while others held, that the right of homestead given by the statute being the latest provision of the law in relation to the disposition of the estates of deceased persons, must override all previous rights and modes of distribution, and that all must equally yield to it, the rights of the widow, as well as the rights of heirs, and creditors ; and that therefore, the homestead was first to be set out, and the widow was only entitled to dower in the residue. This latter view seemed to me to be the sound one of the effect of the statute, but the subsequent amendments to the act, passed in 1855, (Acts of 1855, No. 14, p. 17,) have removed any doubt on the subject. That act, among other objects, seems intended to remove this difficulty under the former statute, and provides, that the widow's dower shall first be set out, but that in cases where she is entitled to homestead, or a share of the homestead, the same shall be deducted in setting out the dower, and her dower lessened to that extent. The right of the widow to have both dower and homestead, is thus expressly recognized by this act.

Although the act of 1855 provides that dower shall first be set out, and then the homestead, we do not regard the statute as so imperative on this subject, as to make the omission to observe this order of setting them out, vitiate either ; although it is imperative, as to the limitation of the dower to the extent of the widow's share of the homestead. The direction of the statute as to the order of time in which they shall be set out is only directory.

In this case, application was first made by the widow to have her dower set out, and the same was granted by the probate court, and dower set out of one full third of the real estate left by her husband at his decease, and this provision of the act of 1855, that the widows share of the homestead should be deducted, was not observed. What the effect of this omission should be, whether to make the whole proceeding irregular, or only to furnish a proper ground for an application to correct the decree assigning dower ; or whether it has become wholly irremediable, we have no occasion now to decide. The omission to lessen her dower to the extent of the homestead right, cannot have the effect to deprive her of the right to have the homestead set out, because her right of dower is only a life estate, while her right of homestead is a right in fee, which would descend to her heirs.

Two objections are raised to the decree of the probate court, which the county court affirmed, ordering the homestead to be set out.

1st, That dower had been set out to her covering the dwelling house and appurtenant land, which constitute the homestead, and that therefore the probate court could not properly set out a homestead to her in that part of the estate.

2d, That the residue of the estate had been divided among the heirs, by an order of distribution made by the probate court ; that such order not having been appealed from had become irrevocable, and therefore no homestead could properly be set out of that portion of the estate.

It does not appear upon the face of the proceedings setting out the dower, that the dwelling house and appurtenant land constituting the homestead, were included therein, though this is stated to be so in fact.

It does not appear to us that this precludes the same from being also set off as homestead. The defendant's ground is, that by setting out a portion of the estate to the widow as dower, that portion became fully administered upon, and that the power and jurisdiction of the court over it is ended, when the widow's title becomes vested. . This proposition is not sound. The widow's title in dower, is only a life estate, the reversion still belongs to the estate, as before ; if necessary the administrator may sell it to pay debts, and the probate court may assign it to, and distri-

bute it among the heirs, and as the homestead right is a right to the fee, there is no legal incompatibility to its being set out in the same lands in which the widow has already acquired a life estate. In the present case that would seem to accomplish precisely the object of the statute, and remedy the error made by omitting to deduct her right of homestead, in setting out dower.

We are entirely unable to see any ground on which it can be claimed that the widow has waived her right of homestead. The right vested on the decease of the husband in her; the statute makes no provision as to the time it shall be set out, and she had filed her application while the estate was still in process of settlement in the probate court. As to the other ground of objection, that the residue of the estate has been divided among the heirs by decree of the probate court, we think the question is not fairly before us. It is by no means certain that any portion of the lands so divided, will be, or can be, taken for the homestead, and if it is done, it will then be in time for the heirs to raise this question. It seems to us, however, rather difficult to maintain, that a division of the land among the heirs by the probate court, to which proceeding it does not appear by the record that she was in any way a party, or of which she had any notice, would deprive her of a vested legal estate in the land, if she had one, especially while her petition to enforce it was pending.

Judgment affirmed, and to be certified to probate court.