| 26 | 311 |
|----|-----|
| 91 | 321 |

· 26 311
|139 625

</div>

<div align="center">

Dodds *et al.* v. Dodds.

</div>

1. **Homestead: PARTITION OF.** The homestead in the possession of the surviving husband or wife cannot be partitioned among the heirs of the deceased, but may be retained by the survivor without interference from them. Following *Nicholas* v. *Purczell*, 21 Iowa, 266, and *Burns* v. *Keas*, id. 258.

2. **Descent: FROM HUSBAND DYING WITHOUT ISSUE.** The widow of a husband dying without issue, is entitled to but one-half of the real estate left by the deceased, other than the homestead.

<div align="center">

*Appeal from Henry District Court.*

WEDNESDAY, JANUARY 27.

</div>

THOMAS DODDS died seized of certain real estate, leaving a widow, the defendant, and his mother, but neither

issue nor father surviving him.  The real estate consisted of certain lands, and three lots in Mount Pleasant constituting his homestead which remained in occupancy of the widow.  The mother of Dodds conveyed her interest in the real estate to plaintiffs, who bring this action to partition the same.  The District Court found the property so claimed to be the homestead of defendant, and decreed that it be held by her as such, and that she is entitled to two-thirds of the other real estate and the plaintiffs to one-third, and directed that partition be so made by the referees.  Plaintiffs appeal.

*L. G. Palmer* for the appellants.

*H. & R. Ambler* for the appellee.

BECK, J. — I.  The plaintiffs insist, that the court erred in refusing to partition the homestead, claiming that, as the grantees of the mother of Thomas Dodds, they are entitled to one half thereof, and that their interest therein, as in the other property, should be set apart.  This court has held, in a like case, that the homestead in possession of the surviving husband or wife cannot be partitioned among the heirs of the deceased, but that its occupancy, as a homestead, may be retained by the survivor without interference by the heirs of the deceased party.  *Nicholas* v. *Purczell,* 21 Iowa, 266 ; *Burns* v. *Keas,* id. 258.

1. HOMESTEAD: partition of.

The rulings in these cases are consistent with the true construction of the statute securing the right of homestead to the surviving husband or wife, and are therefore followed and affirmed in this case.

II.  Defendant's counsel admit that she is entitled to only one-half of the real estate other than the homestead, and that plaintiffs are entitled to the other one-half; and thus, so far as the

2. DESCENT: from husband dying without issue.

decree of the District Court provides otherwise, it is erroneous, and should be modified. See *Meyer* v. *Meyer*, 23 Iowa, 360. Such is, therefore, the judgment of this court; and the cause is reversed and remanded with directions that the decree of the District Court be modified accordingly.

Reversed.