MONROE and others vs. THE CITY OF FORT HOWARD.
CROCKER vs. THE SAME.

*September 21 — October 12, 1880.*

*(1, 2) Enjoining collection of void taxes: Failure to stay proceedings, merely error.*

*(3)* APPEAL TO S. C. · *Printing testimony unnecessarily.*

1. In an action to restrain the collection of taxes, where it appears that they are void for reasons affecting their ground-work, and coming within sec. 1210*b*, R. S., it is *error* for the court to proceed to judgment for the plaintiff without awaiting the reässessment prescribed by that section.
2. Where the circuit court has jurisdiction of defendant's person, such a judgment is not void for want of jurisdiction to render it. A remark in *Kingsley v. Supervisors*, 49 Wis., 649, withdrawn. ORTON, J., dissents.
3. Although the printing of the testimony in this case was unnecessary in the view here taken of the appeal, this court does not regard it as such a flagrant abuse as would bring it within the rule in *Southmayd v. Ins. Co.*, 47 Wis., 517.

APPEALS from the Circuit Court for *Brown* County.

The appeals were submitted on the brief of *W. J. Lander* for the appellants, and that of *Tracy & Bailey* for the respondents.

RYAN, C. J. These are actions in equity to restrain the collection of a tax ·for reasons affecting the groundwork of the tax, and coming within section 1210*b*, R. S. The court below proceeded to judgment for the respondents, without awaiting a reässessment; and it is very properly conceded, by their learned counsel, that the cases are governed by *Plumer v. Supervisors*, 46 Wis., 163; *Flanders v. Merrimack*, 48 Wis., 567; *Kingsley v. Supervisors*, 49 Wis., 649; and *Single v. Stettin*, id., 645, and must be reversed.

This is perhaps a proper place to remark that the opinion of the court in *Kingsley v. Supervisors* falls into the inadvertent error of declaring the judgment in that case void, as being *coram non judice*. The statute directs the court to suspend

Monroe and others vs. The City of Fort Howard.

proceedings in such a case pending a reässessment. It is plain error to disregard the direction of the statute and to proceed at once to judgment. But it is error which the court has jurisdiction to commit, not want of jurisdiction. The statute does not assume, if it could, to oust the jurisdiction which the court had acquired over the parties and over the cause.

Some objection is made to the printing of the testimony in the case. This proves to be unnecessary in the view taken of the appeal. But the court cannot say that, in the circumstances, it is such a flagrant abuse as would bring it within the rule of *Southmayd v. Ins. Co.*, 47 Wis., 517.

These judgments must be reversed, and the causes remanded to the circuit court for further proceedings in accordance with this opinion.

ORTON, J. I was present at the first consultation, and concurred and still concur in the decision of these cases reversing the judgments; but I was not notified of another consultation, in which it was agreed that the opinion should state, as the ground of such reversal, that the rendition of the judgments was a *mere irregularity*, and that that part of the opinion of .Mr. Justice LYON, in several similar cases decided at the last term of this court, in which it was held that the circuit court "*had no jurisdiction to render final judgment*" in such cases, and that such "judgments were void," *should be overruled*, and I respectfully dissent from the opinion in this respect. In *Single v. The Town of Stettin*, also decided at the last term, it was held that the court *was absolutely required* to stay proceedings in such a case, *whether it was asked for or not*, and that the duty of staying the proceedings is imposed by the statute *upon the court*; and that it *must be ordered by the court with or without motion*, and that the language of the statute is *imperative*.

It is quite obvious that the circuit court, in such a case, is

absolutely and imperatively *required* by the statute to order a stay of proceedings, and is as absolutely and imperatively *prohibited* from rendering a final judgment. Here, then, there is not only an entire want of jurisdiction to render *this* judgment, but to render *any* judgment whatever, in such a case, and the power to render any judgment whatever is absolutely taken away from the court by the statute. The power to render *any* judgment is the test of jurisdiction, as an elementary principle and by all authority; and, if the court has not the power to render any judgment whatever, the judgment is void. Such a judgment is illegal, outside the jurisdiction of the court, and *coram non judice.* *Jurisdiction* is defined to be " the power to pronounce judgment," and *irregularity* " is a defect in the proceedings only." This distinction may not be very material in this and the other cases referred to, for the result would have been the same, and the judgments would have been reversed as well on the ground of irregularity as of a want of jurisdiction, unless such *irregularity merely was waived* by the defendants in not moving for stay of proceedings, and in not objecting to the judgment on the ground of the statute, which, in this case, is a serious question, if the defect is a mere *irregularity,* which, in all cases, may be waived.

But in the above case of *Single v. Stettin* it is held that such defect could not be waived, and to order a stay of proceedings in such a case is not dependent upon the action or omission of the defendant, but is an imperative duty imposed upon the court. But if this opinion, that the entry of the judgment in this case was a mere irregularity, is to stand as the law declared by the court in all cases, *past* as well as present, then this decision is vastly important, and may, and I think does, overrule many decisions of this court not named in the opinion, and does, most unquestionably, overrule the decision and opinion of the court *In re Ida Louisa Pierce,* 44 Wis., 411, and adopt and establish the dissenting opinion in that case as the correct expression of the law upon the

question. The want of jurisdiction in the circuit court to enter the order of imprisonment was the *vital* question upon which the jurisdiction of this court to entertain the proceedings in *habeas corpus* and to discharge the prisoner depended; and in that case the want of jurisdiction in the circuit court consisted in making the *wrong* order, when the statute clearly provides for *another* order, or in making an order applicable both to proceedings to enforce a civil remedy and proceedings to impose criminal punishment. The defect is stated in the opinion as follows: "Hence, the final order in contempt proceedings must be one thing or the other; it must impose criminal punishment for the misconduct, or enforce the civil remedy by awarding indemnity. *It cannot do both.*" That was a very weak case of a want of jurisdiction, and yet we held that it came within the rule resolving all doubts in favor of the prisoner. In that case the court had jurisdiction to make *an* order — the order required by the statute in such a case,— but made the *wrong* order, and one not within the statute. In this case the court had no jurisdiction to render any judgment whatever. It is very easy to see which is the clearer and stronger case of a want of jurisdiction.

*By the Court.* — Judgments reversed, and causes remanded to the circuit court for further proceedings in accordance with the opinion of this court.