Voelz and wife, Respondents, vs. Voelz and others, Appellants.

*October 6 — October 23, 1894.*

*Partition: Homestead right of widow: Jurisdiction.*

The homestead right of a widow is not subject to partition, and the circuit court has no jurisdiction in partition proceedings to order a sale of the land so as to divest her of such right. NEWMAN, J., dissents.

APPEAL from the Circuit Court for *Waukesha* County. The facts are stated in the opinion.

*C. A. Koeffler, Jr.*, for the appellants, to the point that the "homestead estate" cannot be partitioned, and the legislature never contemplated a partition thereof, cited sec. 21, ch. 72, R. S. 1849; ch. 137, Laws of 1858; secs. 3954, 3121, 3135, R. S.; *Keyes v. Hill*, 30 Vt. 767; *Hoffman v. Neuhaus*, 30 Tex. 636; *Doane v. Doane*, 33 Vt. 652; *Nicholas v. Purczell*, 21 Iowa, 265; *Dodds v. Dodds*, 26 id. 311.

For the respondents there was a brief by *Carney, Clasen & Walsh*, and oral argument by *E. D. Walsh*. To the point that the heirs of an estate have such an estate in possession as will enable them to maintain a bill in equity for a partition, they cited *Campau v. Campau*, 19 Mich. 116; *Streeter v. Paton*, 7 id. 341; *Marvin v. Schilling*, 12 id. 356; *Patterson v. Patterson*, 49 id. 176.

ORTON, C. J. This is a proceeding to partition certain real estate lying in the county of Waukesha in this state, among the heirs at law of William Voelz, deceased, and *Caroline Voelz*, the widow of the said William Voelz, deceased, who was in possession of a portion of said lands as her homestead. The situation of said real estate having been ascertained by the report of a referee, with the view of ascertaining whether the same should be divided between said parties, or sold and the proceeds thereof distributed among the same, judgment was entered for the sale of the same, on default of the defendants. By said judgment the homestead right of the said *Caroline Voelz* was also ordered to be sold, and "that the purchaser should have said lands discharged from all claim by virtue of such homestead and the dower right of said *Caroline Voelz*." Thereupon the said *Caroline Voelz* and *Louis Voelz* petitioned the court to stay all further proceedings in said partition.

suit until the court should determine whether it had any jurisdiction to enter said order, and, if it should determine that it had not, to dismiss said proceedings. The court denied said petition, and revoked the order to show cause based thereon, and dissolved the restraining order, with costs, and this appeal is from said order.

It may be observed that this judgment is not to sell the interest or title of the heirs in remainder or reversion after the homestead right of the widow, *Caroline Voelz,* in the real estate has expired, so that the question whether any such estate is subject to partition under the statute is not material. The judgment is that the land in which the said *Caroline* has a homestead right shall be sold, and the purchaser hold the same "discharged from all claim by virtue of such *homestead* and dower rights." On such sale, the widow, the said *Caroline,* is *divested* of all her homestead right in said lands or any part thereof. The learned counsel of the appellants contends that the court had no jurisdiction to subject to either partition or sale the homestead of the said widow, *Caroline Voelz,* or to divest her thereby of her title to the same. This contention is unquestionably correct.

1. The statute confers no such jurisdiction on the courts. Sec. 3101, R. S., provides as follows: "All persons holding lands as *joint tenants* or *tenants in common* may have partition thereof by civil action, in the manner provided in this chapter." There is nothing more self-evident than that the homestead of the widow is not held as a joint tenancy or tenancy in common. Her right, as well as possession, are exclusive of all others.

2. This is also shown by the nature of the homestead right. It consists of forty acres of agricultural land and the dwelling house thereon, *owned* and *occupied* by any resident of the state, and selected by him as such. R. S. sec. 2983. "The homestead means a place of residence, im-

plying *occupancy* and *possession.*"  *Upman v. Second Ward Bank,* 15 Wis. 449.  "When the owner of any homestead shall die, not having lawfully devised the same, such homestead shall descend," etc., "if he shall leave a widow and issue, to the widow during her widowhood, and upon her marriage or death to his heirs," etc.  R. S. sec. 2271, subd. 2. It is a good answer to an action for partition that the widow holds the exclusive title for life or during widowhood.  *Hannan v. Oxley,* 23 Wis. 519.

3. There is concurrent jurisdiction in the county court for the partition of estates to the heirs, and partition of the homestead of the widow is expressly excluded.  Sec. 3954, R. S., provides "that when the term of a widow entitled to a homestead right, or dower, or other life estate in the lands of a deceased person, *shall expire,* the reversion may be assigned to the persons entitled to the same," etc. "An action for partition can only be maintained by one having the actual or constructive possession of the premises, or the right to the same."  *Morse v. Stockman,* 65 Wis. 36.

Our laws have thrown around the homestead every necessary protection for the humane and beneficent use for which it was designed, and no such exception by which the widow could be divested of it is found in the statute.  It would require positive legislation to subject the widow's homestead to the uncertain tenure of the capricious action of the heirs, whenever they might wish to have a partition or sale of the lands of the estate.  There is not only no such provision, but, as we have seen, the statutes and the nature of the homestead right preclude any such interference with it.  Where the widow's homestead is provided for in other states, it is held not to be subject to partition. *Keyes v. Hill,* 30 Vt. 767; *Doane v. Doane,* 33 Vt. 652; *Hoffman v. Neuhaus,* 30 Tex. 636; *Nicholas v. Purczell,* 21 Iowa, 265; *Dodds v. Dodds,* 26 Iowa, 311.

It is useless to speculate as to what kind of an estate the widow's "homestead right," as it is called in the statute, is, or as to how it should be classified. It is sufficient that it is accompanied by actual and exclusive possession, that cannot be disturbed so long as she lives unmarried. The court, therefore, had no jurisdiction over it in this case.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded with direction to set aside or modify the judgment in the main case in accordance with this opinion.

NEWMAN, J. It is believed that the decision of the court in this case is out of harmony with the whole current of its decisions on the subject of jurisdiction. The question to be adjudicated is whether the judgment and order of sale made by the circuit court, and which are assailed by this motion, were made in a case where the court was without jurisdiction to make them, and are void; or whether they were made in a case within the jurisdiction of the court, and, if irregular, are simply erroneous. If they are void, they can be vacated on this motion. If they are erroneous only, they cannot be vacated, or modified even, on this motion, but are valid until reversed upon appeal. The question turns upon the point whether they were made in a matter which was within the jurisdiction of the circuit court.

Jurisdiction is defined to be " the power to hear and determine causes." It is defined by the present chief justice of this court in *Monroe v. Ft. Howard*, 50 Wis. 228, to be "the power to pronounce judgment." It is nowhere defined to be " the power to pronounce the right judgment." It is broader than that. It includes also the power to pronounce a wrong judgment. Jurisdiction of the person is obtained by the service of process. Jurisdiction of the subject matter is power to adjudicate concerning the gen-

eral question involved. FOLGER, J., in *Hunt v. Hunt*, 72
N. Y. 217–229. Jurisdiction is generally understood to be
complete where the process has been properly served and
the court has jurisdiction of the subject matter.

The plaintiffs brought an action for the partition of cer-
tain premises. The defendant *Caroline Voelz*, their mother,
the widow of their deceased father, had an estate of home-
stead in a part of such premises. The complaint showed
her interest, and asked that it be included in the judgment
for partition and order of sale. She was made a party de-
fendant, and the summons was served upon her. She made
no defense. The jurisdictional question involved here is
this: Had the circuit court power to determine whether or
not that homestead estate was subject to be partitioned?
Certainly, the court had jurisdiction of the defendant by
due service of the process. Equally it had the power to
adjudicate concerning the general question involved; that
is, what estates are subject to be partitioned. The question
of jurisdiction, in a particular case, turns upon the answer to
the question, Had the circuit court power to " hear and
determine," " to pronounce judgment" on the question
whether the plaintiff has a right to the relief which he asks?
"Jurisdiction does not relate to the right of the parties as
between each other, but to the power of the court. The
question of its existence is an abstract inquiry, not involving
the existence of an equity to be enforced, nor the right of
the plaintiff to avail himself of it if it exists. It precedes
these questions, and a decision upholding the jurisdiction
of the court is entirely consistent with a denial of any
equity, either in the plaintiff or in any one else. The case
we are considering illustrates the distinction I am endeav-
oring to point out as well as any supposed case would. It
presents these questions: Have the plaintiffs shown any
right to the relief which they seek? And has the court
authority to determine whether or not they have shown

such a right? A wrong determination of the question first stated is error, but can be re-examined only on appeal. The other question is the question of jurisdiction." JOHN-SON, J., in *People ex rel. Davis v. Sturdevant*, 9 N. Y. 263-269. The question is not whether the court decided rightly, but whether it became its duty to decide at all whether the plaintiffs were or were not entitled to the relief which they sought. If such was the court's duty, it had jurisdiction; and its decision, be it correct or erroneous, is the law of the case until it shall be reversed upon appeal, and can only be questioned upon a direct proceeding to review it, and not collaterally. Id. 267. It seems that in the case at bar it cannot be doubted that it became the duty of the court to determine whether the plaintiffs were entitled to the relief which they had demanded in their complaint. Whether it decided rightly or wrongly does not relate to the question of jurisdiction.

Of the same purport are the decisions of this court. An early case — *Tallman v. McCarty*, 11 Wis. 401 — has been many times cited and followed as an authoritative case. In that case the rule is stated by DIXON, C. J., as follows: "No order which the court is empowered, under any circumstances in the course of a proceeding over which it has jurisdiction, to make, can be treated as a nullity merely because it was made improvidently or in a manner not warranted by law or the previous state of the case. The only question in such case is, Had the court or tribunal the power, *under any circumstances*, to make the order or perform the act? If this be answered in the affirmative, then its decision upon *those circumstances* becomes final and conclusive, until reversed by a direct proceeding for that purpose. In the case before us, it was for the circuit court to determine, in the first instance, when and how the authority with which it was invested to direct a sale should be exercised; and if, in so doing, it committed an

·error, no matter how egregious, whether in the construction of the statute or otherwise, still the order was valid until reversed upon appeal. It was a mere error or irregularity, which could only be taken advantage of by appeal, but cannot be inquired into in this proceeding." This was a motion to set aside an order of sale in a partition action, on the ground that the court had not rendered the preliminary judgment required by law, determining the rights of the parties. The court held that to be a mere irregularity, which did not make the order of sale void so that it could be impeached collaterally on a motion. The rule as stated in *Tallman v. McCarty* has been followed quite uniformly in this state. *Salter v. Hilgen*, 40 Wis. 363; *Salisbury v. Chadbourne*, 45 Wis. 74; *Monroe v. Ft. Howard*, 50 Wis. 228; *Frankfurth v. Anderson*, 61 Wis. 107.

In the case at bar this court holds that the judgment and order of sale, so far as they affect the widow's homestead estate, are void for want of jurisdiction, for the reason that they are not warranted by law. But in *Frankfurth v. Anderson*, *supra*, judgments entered by the clerk by default, on complaints which did not state a cause of action, were held, on the authority of *Tallman v. McCarty*, to be irregular only, and not void. It is believed that the principle which governs that case should govern this case also. There is no distinction in principle possible. In either case the judgment entered was contrary to the law of the case. It was not warranted or authorized by the law. But it has never been the law in this state that the judgment of a court which had jurisdiction of the parties and of the subject matter is without jurisdiction, on the sole ground that it is not warranted by, or is contrary to, the law applicable to that particular case. That is the most that can be said against this judgment,— it was not authorized by the law. The court may have mistaken the law, but the mistake was within its jurisdiction. In *Monroe v. Ft. Howard*, 50 Wis.

228, this court held that a judgment entered prematurely, and contrary to the express direction of a *mandatory statute* requiring proceedings to be stayed, was irregular only, and not void.  See, also, *Johnston v. Oshkosh*, 65 Wis. 473.

The decisions of other courts are not entirely harmonious on this question.  One, only, will be cited.  *Dugan v. Baltimore*, 70 Md. 1.  This is cited because it seems to be on all fours with the case at bar, and is the decision of an eminently respectable court.  The right to make partition and sale in Maryland, as in this state, is governed by statute.  The statute gave no power to the court to make partition or sale of an undivided parcel of land.  The court entertained an action to make partition of an undivided one-fourth of a parcel of land, and, because partition could not be made, ordered it to be sold.  In a collateral action it was insisted that the sale was not authorized by the statute and was void.  The court agreed that the statute did not authorize the sale, but said: "But, while such is our construction of the statute, we cannot agree that the court, in passing the decree, had no jurisdiction of the subject matter, and that the purchaser acquired no title to the interest sold under it.  The bill was filed for the partition or sale of an undivided fourth part of the property in which the plaintiff and defendants were tenants in common.  It was filed under art. 16, sec. 99, of the Code.  The court had a general jurisdiction to decree a sale of property held by co-tenants, and it had the jurisdiction to determine whether, under the Code, it had the power to sell an undivided interest in the property.  Jurisdiction is the power to hear and determine.  If the judgment of the court is erroneous, the remedy is by appeal; and, until reversed upon appeal, the judgment is binding on the parties to the suit."

For these reasons, and on these authorities, it is believed that, if error exists, it is error merely, such as can be reviewed by this court upon appeal only, and cannot be cor-

rected by motion after the term at which it was entered. *Frankfurth v. Anderson*, 61 Wis. 107. But it is doubted if error, even, is shown by this record. Error is not presumed. The burden is on him who alleges error to prove that it exists. *Cutler v. Hurlbut*, 29 Wis. 152–165. It probably is not true that in no circumstances could the court adjudge and order a sale of the widow's homestead estate in an action for partition. The widow's estate does not depend for its continuance on the circumstance of her continuing or failing to occupy the premises as her home. It is a life estate (*Ferguson v. Mason*, 60 Wis. 377, 387), upon condition that she do not remarry. There is no restriction upon her mode of enjoyment of the estate. She may lease it (*Anderson v. Coburn*, 27 Wis. 558, 567), or sell it (*Holbrook v. Wightman*, 31 Minn. 168), if that suits her convenience better. If she has power to sell it, she has power to consent to its sale upon an order of sale in a partition action. In that circumstance the court might lawfully make an order to sell it in a partition action. So it might become the duty of the circuit court to inquire and determine whether there was consent, and, as incidental to that inquiry, to determine whether consent was sufficiently proved; as whether the proof must be by a writing, whether oral consent in open court will do, or whether silence shall be construed as consent. Whether in this case there was consent the record does not disclose. It does not show that there was not consent. The widow did not defend, although the summons and complaint were served upon her personally. All the other parties to the action, both plaintiffs and defendants, were her children. Apparently it was a friendly action, agreed upon to promote the interest of all the parties by a sale of the entire title to all the lands. This view seems to be confirmed by her petition on which this motion is founded. The petition does not complain of the judgment or order of sale as being against her consent or

wishes. Her only complaint is that she has been informed and fears that the judgment and order are void, so that a sale under the order would not convey her interest, and for that reason so favorable a price could not be realized for the lands. Her fear is not that a sale under the order would convey her interest, but that it would not. If she could know that the judgment and order are valid and not void, that removes her sole cause of anxiety and promotes her purpose. It is believed that they are both valid and, presumptively at least, regular, and are in all respects in accord with the wishes of the parties.

The order of the circuit court should be affirmed.