## WELLS v. SWEENEY *et al.*

1. Comp. Laws Dak. 1887 § 5362, providing that one or more of several co-
   tenants holding and being in possession of real property may bring
   partition, authorizes partition only when several co-tenants hold and
   are in possession of the property.

2. Comp. Laws Dak. 1887. § 5778, secures the possession and occupancy of
   the homestead to the surviving husband or wife, and, upon the death
   of both, to the children till the youngest is of age. Pol. Code, § 2463,
   is a verbatim copy of the above section, and sections 2464, 2465, pro-
   vide that the homestead shall decend according to the law of succes-
   sion, exempt from antecedent debts of the parent; that, if it decends

to the issue of either husband or wife, it shall be held exempt from debts of such husband or wife, except as provided in the following section; and that, if there be no husband or wife surviving, and no issue, the homestead shall be liable for debts.    Comp. Laws Dak. 1887, § 5763, exempts the homestead from being included in the administrator's inventory.    Held, that these provisions clearly show that it was the intention of the lawmaking power that the homestead should not be partitioned among the heirs so long as it was occupied as a homestead by the surviving husband, wife or any minor child.

3.    A surviving husband in possession of the homestead, which was owned by his deceased wife, and claiming his homestead rights therein, cannot maintain partition against the heirs of the deceased wife.

4.    The requirements of Comp. Laws Dak. 1887, § 2787, that a life tenant must keep the premises in repair and pay the taxes thereon, are applicable to a surviving husband, in possession of the homestead and holding it as such.

5.    A surviving husband in possession of the homestead is not authorized to make permanent improvements thereon and make them a charge against the property as against the children.

(Opinion filed April 7, 1903.)

Appeal from Circuit Court, Pennington County.    Hon. LEVI McGEE, Judge.

Partition by George Wells, against Mary A. Sweeney and others.    Judgment for plaintiff, and defendants appeal.    Reversed.

*Charles W. Brown,* for appellants.

A homestead in the sole and exclusive possession of the surviving husband, claiming and retaining his life estate, cannot be partitioned in a suit by him against the remainder-man or reversioner.    Sec. 5362 Comp. Laws.    §§ 431, 440, Freem. Co-Ten & Part.; Metcalf v. Miller, 56 N. W., 17; Seiders v. Giles, 21 Atl., 514; Love v. Blauw, 59 Pac. 1059; Wood v. Bryant, 8 So., 518; Smith v. Runnels, 65 N. W., 1002; Johnson v. Moser,

34, N. W., 314; Dodge v. Dodge, 26 Ia., 311; Nicholas v. Purczell, 21 Ia., 265; Hayes v. McReynolds, 46 S. W., 161; Woodworth v. Campbell, 5 Paige Ch., 518; Bradshaw v. Callaghan, 5 Johns, 80; Hunnewell v. Taylor, 6 Cush., 472; Johnson v. Johnson, 7 Allen, 196; Voelz v. Voelz, 60 N. W., 707; Hannon v. Oxley, 23 Wis., 519; Wade v. Deroy, 50 Cal., 376; Wood v. Sugg, 49 Am. Rept., 639; Bice v. Nixon, 11 S. E., 1004; McConnel v. Kibbe, 43 Ill., 19; Barr v. Lamaster, 66 N. W.; 1110; Hurst v. Hotaling, 29 N. W., 299; Smith v. Smith, 57 S. W., 1028; 15 Ency. Pl. & Pr., 784.

The homestead cannot be partitioned until the rights of the surviving husband or minor children entitled to its possession have been lost by his death or otherwise: Herrick & Doxsee, Prob. Law & Pr. of Ia. and Dak., 479; 1 Washb. Real Property, 682; 17 Am. and Eng. Encyps. of law (First Ed.) 762, Dodge v. Dodge *supra.*; Nicholas v. Purczell, *supra.*; Seider v. Giles, *supra.*

It is the duty of the tenant for life to keep the premises in repair, and to pay all the ordinary taxes assessed upon the land, during his tenancy; and the neglect to do so constitutes waste, entitling the remainder-man or reversioner to a receiver of so much of the rent as may be necessary to pay the taxes and make necessary repairs. 1 Washb. Real Property, 124-126, 149; St. Paul Trust Co. v. Mintzer. 32 L. R. A., 756; Defreese v. Lake, 32 L. R. A., 744, and note; Murch v. J. O. Smith M'f'g. Co., 47 N. J. Eq., 193; Cairns v. Chabert, 3 Edw. Ch. 313.

If a tenant for life makes repairs or permanent improvements on the premises, he cannot claim compensation for the same from the reversioner or remainder-man. 1 Washb. Real

Property, 123; 6 Am. and Eng. Ency. of Law (1st Ed.) 882; Sohier v. Eldredge, 103 Mass., 351; Parsons v. Winslow, 16 Mass., 361.

No brief filed for respondent.

Corson, J. This is an an action for the partition of real property. Findings and judgment were in favor of the plaintiff, and the defendants appeal. The questions raised are fully presented by the findings of fact and conclusions of law, the material parts of which are, in substance: That one Elizabeth V. Wells, at the time of her death, was the owner in fee of a quarter section of land in Pennington county, described in the findings; that the plaintiff was the husband of the said Elizabeth V. Wells, and that the said land was used by the deceased and the plaintiff herein as a homestead up to the time of her death, on the 25th day of February, 1891; that, ever since the death of the said wife, the plaintiff has continued to reside on the said premises and occupy the same as a homestead, and that he still resides thereon; that the defendants are the children of the deceased and the plaintiff, and that the plaintiff and the defendants are the only heirs at law of the said deceased; and that the deceased left no property, real or personal except the homestead above described. From the findings the court concludes, as matter of law, that the plaintiff is entitled to a decree awarding him in fee simple certain portions of the said premises, being one-third thereof. He also concludes that the defendants are entitled to a decree awarding to them the other two-thirds of the said premises, subject to the homestead right or life estate of the said plaintiff therein. It further concludes that the said plaintiff is entitled to the use and

occupation, rents and profits, of the portion of the said premises awarded to the defendants for and during his natural life, and that he shall pay the taxes and keep up the improvements on the said land during his natural life.

It will be observed from the findings of the court that the property described belonged to the wife of the plaintiff, and at the time of her decease was the homestead of herself and the plaintiff, and that since her death he has continued to reside upon and occupy the same as a homestead. The question presented, therefore, is, can the homestead occupied as such by the surviving husband or wife be partitioned among the heirs during the lifetime of the survivor?

It is contended on the part of the appellants that the homestead in the exclusive possession of the sole surviving husband, claiming and retaining his life estate therein, cannot be partitioned in a suit by him against the heirs or reversioners. Section 5362, Comp. Laws Dak. 1887, provides: "When several co tenants hold and are in possession of real property as partners, joint-tenants, or tenants in common, * * * an action may be brought by one or more of such persons for a partition thereof. * * *" It will be observed that it is only when several co-tenants hold and are in possession of the real property that an action for the partition thereof is authorized. It will be noticed that it is found by the court that the premises constituted the homestead of the plaintiff and his wife in her lifetime and up to the time of her death, and that he is in possession of the same, claiming his homestead rights therein as her surviving husband. It is not affirmatively stated in the findings that the defendants were in possession of any part of the premises as co-tenants of the plaintiff or otherwise, and

we may fairly infer from the findings that the plaintiff was in
the sole and exclusive possession of the same.    But, in any
event, it is not shown that the defendants or either of them
were in possession at the time the action was commenced
hence the action for partition against them cannot be main-
tained under the findings, as one of the essential conditions
prescribed by the statute is that the defendant shall be in pos-
session of the property sought to be partitioned as co-tenant or
tenant in common with the plaintiff.    15 Pl. & Pr. 784.    While this
omission in the finding might be a ground for reversal of the
judgment, we prefer to place our decision upon a broader
ground, namely, that during the lifetime of the surviving hus-
band, wife, or any minor child, the homestead cannot be parti-
tioned among the heirs at law, except by consent of all the par-
ties interested in the same.    Section 5778, Comp. Laws Dak.
1887, provides:   "Upon the death of either husband or wife
the survivor may continue to possess and occupy the whole
homestead until it is otherwise disposed of according to law;
and upon the death of both husband and wife the children may
continue to possess and occupy the whole homestead until the
youngest child becomes of age."    Section 2463 of the Political
Code is a verbatim copy of the above section.    The succeeding
sections, 2464, 2465, read as follows:   "Such homestead shall
descend according to the law of succession as provided by the
Civil Code, unless otherwise directed or disposed of by will
and shall be held exempt from any antecedent debt of the par-
ent, and if it descends to the issue of either husband or wife  it
shall be held by such issue exempt from debts of such husband
or wife except as in the following section provided."    "And if
there be no husband or wife surviving, and no issue, the home-

stead shall be liable to be sold for the payment of any debts to which it might at that time be subjected if it had never been held as a homestead." And by section 5763, Comp. Laws Dak. 1887, it is provided that an executor or administrator must make out and return to the court a true inventory of all the estate of the decedent except the homestead. These provisions clearly show that it was the intention of the lawmaking power that the homestead should not be partitioned among the heirs, or returned as assets of the estate, or sold or conveyed, so long as it is occupied by either the surviving husband, wife, or any minor child as a homestead.

So far as the rights of the surviving husband wife or minor children to occupy the property as a homestead are concerned, it is not material in which party the legal title is vested, and hence, if there are heirs of the party holding the legal title, they will not be entitled to a partition of the property during the lifetime of the surviving husband or wife or minor children who actually possess and occupy the premises as a homestead. Burns v. Keas, 21 Iowa, 257; Nicholas v. Purczell, Id. 266, 89 Am. Dec. 572; Dodds v. Dodds, 26 Iowa, 311; Orman v. Orman, Id. 361. If the heirs are not entitled to a partition of the homestead during the lifetime of the surviving husband or wife or minor children who actually occupy the same as a homestead, it would seem to necessarily follow that such survivor would not be entitled to a partition of the same so long as he or she occupied the same as a homestead. Undoubtedly the surviving husband in this case might have abandoned his homestead right and claimed his share of the homestead property, in which case there could have been a partition of the same between the plaintiff and the defendants, if the de-

fendants had all attained their majority. But the plaintiff's case is not based upon that theory. He still claims his home- stead right and his right to possess and occupy all of the home- stead property during his lifetime, but demands a partition of the property in order that his one-third interest therein may be set apart to him and the other two-thirds set apart to the defendants, but subject to his homestead right of occupancy of the whole. The law, as we construe it, does not authorize such a proceeding. The statute of this state as to homestead rights of husband and wife and minor children in homestead property seems to have been taken from the statutes of Iowa, and the courts of that state have repeatedly held that there can be no partition of the homestead property during the life of the surviving husband or wife or minor children, unless the homestead has actually been abandoned by all of the parties entitled to possession of the same. See cases above cited. Voelz v. Voelz, 88 Wis. 461, 60 N. W. 707. We are of the opin- ion, therefore, that the conclusion of the circuit court that the plaintiff was entitled to a judgment for partition is clearly er- roneous.

The defendants allege in their answer that in order to preserve the property they expended a large sum in the pay- ment of taxes, namely, the sum of $994.74. The court finds that this sum was so paid by the defendants, but concludes that the sum of $119.60—taxes for the year 1890—was a claim against the estate of the deceased, and was, through failure of the defendants to present their claim to the administrator, barred, and is not properly a charge against the plaintiff. The court further concludes that the defendants are entitled to the amount paid for taxes for the years 1891 to 1897, inclusive,

aggregating the sum of $875.14, but concludes that the same should be offset by the sum of $1,093 paid by the plaintiff for the improvements which the court find the plaintiff made upon the property, and the $253.50 paid by him for the costs of administration.

It is contended on the part of the appellants that it is the duty of the plaintiff to keep the premises in repair and to pay all the ordinary taxes upon the land during his tenancy, and that the neglect to do so constitutes waste entitling the defendants to recover so much of the rents and profits as may be necessary to pay the taxes. It is assumed by the appellants that the plaintiff is a tenant for life, and as such is bound by all the obligations imposed upon such tenant. The possession of the surviving husband or wife or minor children of the homestead is somewhat peculiar. As we have seen, the plaintiff in this case is not only a tenant for life, but he is absolute owner of a one-third interest in the property. As to the other two-thirds he may be properly treated and considered as tenant for life, but as to the one-third he must be regarded as owner. The plaintiff's relation to the property is one created by statute, and is not easily defined.

In Voelz v. Voelz, supra, the Supreme Court of Wisconsin, in speaking of a surviving widow, uses the following language: "It is useless to speculate as to what kind of an estate the widow's homestead right, as it is called, in this statute is, or as to how it should be classified. It is sufficient that it is accompanied by actual and exclusive possession that cannot be disturbed so long as she lives unmarried. The court, therefore, had no jurisdiction over it in this case." The proceeding in that case was one for partition brought by the heirs of the de-

16 S. D.—32

ceased husband.    Our statutes upon the subject of survivorship and rights to homestead property are substantially the same as the statutes of Wisconsin, except that in this state the wife may retain possession of the homestead during her life, notwithstanding she may have remarried, and may inherit a part of the real estate as heir of her deceased husband, while under the Wisconsin law a widow only becomes entitled to a dower which terminates with her life.

It seems, however, to be but just and equitable that the rule requiring the tenant for life to pay all the general taxes (section 2787, Comp. Laws Dak. 1887) should be applied to the surviving husband or wife and minor children who occupy the homestead as such.    That section reads as follows: "The owner of a life estate must keep the buildings and fences in repair from ordinary waste, and must pay the taxes and other annual charges, and a just proportion of extraordinary assessments benefitting the whole inheritance."

That it is the duty of the tenant for life to keep up the general taxes upon the property held by him as such tenant is not only required by our Code, but seems to be well settled by the authorities.    Wash. on Real Property, 130, vol. 1; Murch v. J. O. Smith Mfg. Co., 47 N. J. Eq. 193, 20 Atl. 213; St. Paul Trust Co. v. Mintzer (Minn.) 67 N. W. 657, 32 L. R. A. 756, 60 Am. St. Rep. 444; Cairns v. Chabert, 3 Edw. Ch. 313; Defreese v. Lake, 109 Mich. 415, 67 N. W. 505, 32 L. R. A. 744, 63 Am. St. Rep. 584; Cooley on Tax., p. 467.    It is quite clear, therefore, that the defendants, who were compelled to pay the taxes in order to protect their interest in the estate, are entitled to a judgment requiring the plaintiff to reimburse them for the amount so necessarily paid, and that the same should be made

a lien upon the property itself, instead of a lien upon the rents and profits of the same.

It is further contended on the part of the appellants that, if the tenant for life makes repairs or permanent improvements on the premises, he cannot claim compensation for the same from the remaindermen    The duty to keep the property in repair is imposed upon the tenant for life by the section of the statute quoted, and this duty may properly be imposed upon the party in possession of the homestead.    This rule seems to be quite well settled by the authorities also.    Sohier v. Eldredge, 103 Mass. 351; 1 Wash. Real Prop. 123; Parsons v. Winslow, 16 Mass. 361; 6 Am. & Eng. Ency. of Law (1st Ed.) 882.

Treating the plaintiff, therefore, at least as quasi tenant for life, it is his duty to keep the premises in repair, and he was not authorized to make permanent improvements and make the same a charge upon the property as against the defendants in this action.    What the rights of his heirs may be, upon the death of the plaintiff, regarding these improvements, it is not now necessary to decide.

It is contended on the part of the appellants that, as all of the facts are before the court, the defendants in equity are entitled to a full adjustment of their taxes in this proceeding, and this, in our opinion, should be done.

The judgment of the court below is reversed, and that court is directed to enter a judgment in favor of the defendants for the amount of the taxes found to have been paid by them, and interest thereon, and directing that the same constitute a lien on the plaintiff's interest in the premises in his own right, and also his interest in the homestead as surviving hus-

band of Elizabeth V. Wells, deceased, and providing that, in case the said judgment shall not be paid within a reasonable time to be specified by the court, the interest of the plaintiff therein shall be sold to satisfy said judgment and costs, subject to redemption.