# Charlestown.

BUEHLER, BONBRIGHT & Co.,

*v.*

CHEUVRONT & Co., *et al.*

Decided August 23, 1879.

| 15 | 479 |
| 42 | 519 |
| 15 | 479 |
| 56 | 69 |
| 15 | 479 |
| 66 | 487 |

1879
August Term

1. A decretal order overruling a demurrer to an ordinary bill in chancery, is not an adjudication of the principles of the cause, and does not come within either of the classes of appeal authorized by statute, and is therefore not an appealable order.

2 An order referring a cause to a commissioner to ascertain the defendant's real estate, the liens thereon and their priorities, and whether the rents and profits thereof will pay off and discharge said liens within a reasonable time, does not ordinarily come within either of the classes of appeals authorized by statute, and is not an appealable order.

Appeal from and *supersedeas* to an order of the circuit court of the county of Doddridge, rendered on the 27th day of May 1878, and to an order made by the judge of said court in vacation on the 12th day of August 1878, in a cause in said court then pending, wherein Buehler, Bonbright & Co., were plaintiffs, and W. H. Cheuvront & Co., and others were defendants, granted upon the petition of C. J. Stuart and W. H. Cheuvront.

Hon. A. Brooks Fleming, judge of the second judicial circuit, made the orders appealed from.

1879
August Term.

Beuhler, Bonbright & Co.,
v.
Cheuvront
&
Co., et al.

The facts of the case fully appear in the opinion of the Court.

*Edwin Maxwell*, for appellants, relied on the following authorities:

Story Eq. Pl. §274; *Id.* §§547, 548, 549, 550; *Id.* §99; 27 Gratt. 378; Acts 1875, p. 129; Code p. 593, §4.

*W. W. Van Winkle and B. M. Ambler*, for appellees, cited the following authorities:

Acts 1877, p. 52, ch. 44; Acts 1872–3, p. 56, ch. 17; *Id.* ch. 17, §11; 4 Min. Inst. 858, 860, 867, 868; Barton Pr. 397, 404; 9 Gratt. 68; 11 Gratt. 266, 267; 12 W. Va. 402, syll. 8; 13 Gratt 40; *Id.* 375; Code ch. 139, §5; 4 Min. Inst. 1152; *Id.* 1150; Mitf. Eq. Pl. 147; Story Eq. Pl. §530; *Id.* §270; *Id* §530; Adams Eq. 309, 310; *Id.* 320; 11 W. Va. 217; 13 Gratt. 86; 6 Gratt. 174; 7 W. Va. 329; 9 W. Va. 246; 28 Gratt. 850; 27 Gratt. 229; 28 Gratt. 646; 12 W. Va. 113; 11 W. Va. 146; 28 Gratt. 159; Code, ch. 134, §6.

MOORE, JUDGE, delivered the opinion of the Court:

This case is presented upon appeal from two orders made in the cause; the first being made May 27, 1878, by the circuit court of Doddridge county upon the demurrer to complainants' bill. Upon consideration of the same the court was of opinion that said demurrer was not well taken, and therefore overruled it, and gave the defendants leave, and ordered and directed them to answer said bill within sixty days. Chapman J. Stuart and Wm. H. Cheuvront presented their petition praying an appeal and *supersedeas*, which were allowed merely that the points presented should be passed upon and adjudicated by the Supreme Court of Appeals, and its action thereon reported, that the bar of the State should know that it is the opinion of the Court that the statutes of this State do not contemplate an appeal, in a chancery suit, from an order overruling a demurrer to the bill. Such has been the ruling

Syllabus 1.

of the Court heretofore upon all such applications for appeal from such an order, but as petitions continue to be presented for that purpose, it is well to definitely settle and announce the rule in this case. The Court is of opinion that as the overruling of a demurrer does not settle or adjudicate the principles of the cause, it is not such an order as can be appealed from. The other order complained of by the appellants was the order of August 12, 1878, made in vacation by the circuit judge, referring the cause to a commissioner to ascertain the real estate of Stuart and Cheuvront upon which the judgments in the bill mentioned may be liens, and to ascertain the several liens that may exist upon such realty and their respective priorities, and whether the rents and profits of such real estate will pay off and discharge said liens within a reasonable time. That order does not adjudicate the principles of the cause, and does not come within either of the classes of appeal authorized by statute, and is therefore not an appealable order. If the door of appeal is opened to such a class of orders, it is obvious that litigation instead of being speedily brought to a conclusion, would by such frequent appeals be delayed, and unnecessary costs would be made to vex the suitor at every step in the proceedings by parties wishing frivolous delays, or seeking time by thus staying a final decree. The appeal and *supersedeas* should be dismissed as having been prematurely granted, with costs against the appellants.

THE OTHER JUDGES CONCURRED.

APPEAL DISMISSED.