# CHARLESTON.

HILL v. ALS *et als.*

Submitted September 11, 1885.—Decided December 5, 1885.

1. The provision of the statute authorizing appeals to this Court in chancery causes, wherein there is a decree "adjudicating the principles of the cause," authorizes such appeal, only where the

decree appealed from adjudicates all the controversies between the parties raised by the pleadings or otherwise in the cause. (p. 219.)

2. Where the record in a cause shows that the pleadings present two or more controversies between the plaintiff and the different defendants, only one of which was passed upon by the circuit court, and the others left undecided, this Court will dismiss the appeal as having been improvidently awarded. (p. 219.)

*Van Winkle & Ambler* for appellants.

*R. Heber Smith* for appellee.

Snyder, Judge:

At the September rules 1883, W. J. Hill exhibited his bill in the circuit court of Wood county against Andy Als and his wife, Lena Als, and the Homestead Building Association and others, in which the plaintiff alleges that on October 14, 1879, he obtained a judgment against Andy Als for $939.05 upon a debt incurred in 1876; that in 1877 and prior thereto said Als owned a hotel in Parkersburg and carried on therein the business of hotel-keeping; that in June 1877 the said hotel-property was sold under a decree of court and purchased by W. H. Stahlman for the wife of Als, to which latter the property was subsequently conveyed by a commissioner of the court; that Als and wife lived together in the hotel, and that Als continued the hotel-business in the same property up to the time of filing this bill; that the wife had no estate at the time of her marriage or since; that the said property was paid for by Als, and the title had been conveyed to his wife for the purpose of hindering, delaying and defrauding his creditors, and that the same was liable for the payment of the plaintiff's judgment. The bill also alleges that after the conveyance of the legal title of said hotel-property to the wife of Als, she and her husband executed a trust-deed thereon to secure a debt of $1,200.00 to the Homestead Building Association, and charges that this trust-deed was made for the purpose of defrauding the creditors of Als, and that of this the said Association had full notice. The prayer is that the plaintiff's said judgment may be declared to be a lien on said hotel-property and the same may be decreed to be sold to pay said judgment; that the

said trust-deed to secure the Homestead Building Association from Als and wife may be decreed to be fraudulent as to the plaintiff, and for general relief, &c.

Mrs. Als and the Building Association demurred to the bill and the court overruled the demurrers.

Subsequently Mrs. Als died intestate, and the suit was revived against and in the names of her children as her heirs-at-law. The said children as well as the said Andy Als and the Building Association answered the bill. All the answers deny that there was any fraud in the transactions and conveyances mentioned in the bill, or that the plaintiff has any lien or right to subject said hotel-property to the payment of his judgment.

The Building Association in its answer avers that the trust-deed from Als and wife to secure it was for $1,200.00, loaned by it to Mrs. Als without any knowledge or notice of fraud; that said $1,200.00 was used to pay off notes given for the purchase of said property, which operated thereon as a vendor's lien; that therefore, if for any reason said trust-deed should be deemed invalid, respondent is entitled to be subrogated to the vendor's lien which was discharged by the money furnished by it, &c.

There were no depositions taken, and the cause coming on to be heard upon the bill, answers and exhibits, the court on December 22, 1884, decreed as follows: "Upon consideration whereof, the court is of opinion that the plaintiff is entitled to the relief prayed for in the bill against the defendants, Andy Als and the heirs-at-law of Lena Als, and that the agreement made between William H. Stahlman and Lena Als, dated February 15, 1878, the said deed from W. W. Van Winkle, special commissioner, to said Lena Als, dated February 12, 1881, are void as to the creditors of said Andy Als, and the real estate therein described is subject to the judgment of plaintiff mentioned in the bill, and that no proper decree can be rendered in this cause without reference to a commissioner. It is therefore adjudged, ordered and decreed that the cause be and the same is hereby referred to a commissioner of this court with instructions to ascertain and report as follows, to-wit:

"First.—What real estate the said defendant, Andy Als,

owned at the date of the judgment against him referred to in the bill on which said judgment is a lien.

" Second.—What other liens are against said real estate by deed of trust, judgment or otherwise, their amounts and priorities.

" Third.—Any other matters required by either party or deemed pertinent by the commissioner in this cause."

From this decree, the defendants, the children, heirs-at-law of Mrs. Als, obtained this appeal and *supersedeas*. Many errors have been assigned, which were fully argued by the counsel for the respective parties in this Court, but upon a careful examination of the record we find that the appeal will have to be disposed of by us upon a preliminary question, which was not noticed in the argument.

The first enquiry addressed to this Court in every case is: Has it jurisdiction? No case can be rightfully considered by us, unless the record affirmatively shows that we have jurisdiction; and this we are obliged to determine, whether our attention is specially called to it by counsel or not; for otherwise we would be proceeding to pass upon matters, over which we had no jurisdiction, and any conclusion or decree we might reach would be *coram non judice* and void.

The jurisdiction of this Court is wholly statutory; and unless this appeal can be brought within some provision of the statute authorizing appeals, it must be dismissed.

It is very certain that it does not come within any provision of the statute, unless it is that which provides for an appeal: "In any case in chancery wherein there is a decree or order    *    *    * adjudicating the principles of the cause."— Sec. 1, ch. 157 Acts 1882, p. 505.

This provision has been a part of the law of Virginia and of this State since the adoption of the Code of Virginia of 1849.    Sec. 2, ch. 182, Code of Virginia; and sec. 1, ch. 135, Code of W. Va.

There has been no adjudication in Virginia or this State upon this particular provision of the statute, so far as I can find, but there are some decisions bearing on the subject. *Baltimore & Ohio Railroad Co.* v. *Wheeling*, 13 Gratt. 40; *Armstrong* v. *Pitts, Id.* 235; *Laidley* v. *Kline*, 21 W. Va. 21; *Childs* v. *Hurd*, 25 *Id.* 530.

Apart from any decision construing this provision it seems to be apparent, that the object of the Legislature was to allow appeals only in cases, in which there was a decree or order adjudicating *all* the principles of the cause. Before this provision was adopted, appeals could be taken from final decrees only. This being then in derogation of the general principle, it must be construed strictly and not extended beyond the apparent purpose for which it was made; and especially so, since any other interpretation would produce great delay and expense in the final disposition of causes by allowing appeals from the successive adjudications of the points decided by the lower court without waiting for the adjudication of all of them, so that one appeal might end the cause. The policy of the law always has been to have as few appeals in the same cause as possible; and the innovation made by this and some other provisions of the statute was evidently not intended to abrogate this policy, but its obvious purpose was only to permit appeals in certain cases, in which, it was supposed, the controversy might be sooner ended by allowing appeals before a final adjudication in the court below. It seems to me clear therefore that this provision was intended to permit appeals only in cases where the decree or order appealed from had fully adjudicated all the principles presented by the pleadings or otherwise in the cause.

In the cause before us there are presented by the pleadings two distinct and separate subjects of controversy: *First*—the right of the plaintiff to subject the hotel-property to the satisfaction of his judgment; and *second*, whether or not his debt has priority over the trust-deed made to secure the Homestead Building Association. And by the order of reference the commissioner is required to report what other liens there are against the said property. This reference may bring before the Court other matters of controversy in addition to those now appearing in the record, which may be brought to this Court for final adjudication.

If we grant that the decree, from which this appeal is taken, does adjudicate the controversy first above mentioned between the plaintiff and the heirs of Mrs. Als, as to the right of the plaintiff to subject the hotel-property to the payment of his debt, it is certain that it does no more. It leaves the contro-

versy between the plaintiff and the Building Association, which is distinctly raised by the pleadings, wholly unsettled. I am, therefore, clearly of opinion that the said decree of December 22, 1884, is not such a decree "adjudicating the principles of the cause," as entitles any party to appeal therefrom. This appeal must consequently be dismissed as having been improvidently awarded.

DISMISSED.