# Richmond.

NORFOLK & WESTERN RAILWAY CO. & OTHERS V. OLD DOMINION
BAGGAGE CO.

### April 6, 1899.

1. INJUNCTIONS—*Dissolution—Answers.*—As a general rule, subject to
   some exceptions, an injunction, properly granted, will not be dis-
   solved until the defendant has answered.
2. APPEAL AND ERROR—*Decree Overruling Demurrer and Giving Leave
   to Answer.*—No appeal lies from a decree overruling a demurrer,
   giving the defendant leave to answer, and continuing an injunction
   in force until the further order of the court, where there was no
   motion to dissolve, and the cause was heard solely upon the
   demurrer to the bill.

Appeal from a decree of the Circuit Court of the city of
Lynchburg pronounced April 20, 1898, in a suit in chancery,
wherein the appellees were the complainants, and the appellants
were the defendants.

*Appeal dismissed.*

*F. S. Kirkpatrick,* for the appellants.

*Caskie & Coleman,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

This appeal must be dismissed as having been improvidently
awarded. It is from a decree, overruling a demurrer to the bill,
in which the court states its reasons therefor; giving the defend-
ants leave to file their answers in the clerk's office within sixty

days from the adjournment of the court; providing that, if no answer be filed, then the injunction theretofore awarded in the case should stand· and be perpetual, and that the defendants should pay to the complainant their costs up to that time expended.  It provided further that if no answer was filed within sixty days, or if the court deemed it proper it would, at its next regular term, empanel a jury to ascertain what damages the complainants had sustained by reason of the conduct and acts complained of in the bill, and that the injunction in the case should in any event continue in force until such time during the next 1egular term, or sooner, as the court may make a further order touching the same.

One of the defendants, the appellant, having filed its answer within the time designated by the court, so much of the decree as was conditioned upon the defendants' failure to answer never became operative, and had no more effect than if it had never been inserted in the decree.  The whole effect, therefore, of the decree was to overrule the demurrer to the bill, give the defendants leave to answer, and continue the injunction in force (which the order granting it would have done) until the further order of the court.

It was not, as the appellant contends, a decree overruling a motion to dissolve the injunction in which the principles of the cause were adjudicated, and therefore appealable under the decisions of this court in the cases of *Lomax* v. *Picot*, 2 Rand. 247; *Talley* v. *Tyree*, 2 Rob. 523; *Balt. & O. R. Co.* v. *City of Wheeling*, 13 Gratt. 40; and *Kahn* v. *Kerngood*, 80 Va. 342. In each of these cases there was a motion to dissolve the injunction, which was heard after answers had been filed, and in some of them after proof had been taken; thus raising issues of fact as well as of law, which were passed upon to some extent by the court in overruling the motion to dissolve.

In this case no answer had been filed, and the general rule is, though subject to exceptions, that an injunction properly

granted will not be dissolved until the defendant has answered. *Balt. & Ohio R. Co.* v. *City of Wheeling,* 13 Gratt. 40, 60. Neither was there a motion to dissolve the injunction, nor any issue of fact raised, but the case was heard solely upon the demurrers to the bill.

In *Lancaster* v. *Lancaster,* 86 Va. 201, it was held that a decree or order overruling a demurrer to a bill was not appealable, because such a decree does not adjudicate the principles of the cause, but merely determines that the complainant is entitled to the relief sought if he establishes the case made in the bill. *Buehler* v. *Bonbright,* 15 W. Va. 479.

The court is of opinion that a decree overruling a demurrer, giving the defendants leave to answer, and continuing an injunction in force until the further order of the court, is not an appealable decree where there was no motion to dissolve, and the case was heard solely upon the demurrer to the bill.

The appeal must be dismissed.

*Appeal dismissed.*