# CHARLESTON.

## CORLEY *v.* CORLEY.

Submitted January 23, 1903, Decided April 11, 1903.

1. ORDER—*Judgment—Apppeal..*
      An order, entered on the verdict of a jury on an issue out of chancery, that the defendant merely recover costs of the plaintiff, is not a final judgment, decree or order, giving the right to appeal. (p. 145).

Appeal from Circuit Court, Braxton County.

Bill by A. W. Corley, executor, against Sarah C. Corley and others. Judgment for plaintiff. Proceedings by Bland & Bland

against Louisa W. Kelly to secure attorney's fees.    Judgment
for Kelly, and Bland & Bland appeal.

*Dismissed.*

W. E. HAYMOND and BLAND & BLAND, for appellants.

B. P. & V. B. HALL and A. W. CORLEY, for appellee.

POFFENBARGER, JUDGE:

A chancery suit · in the circuit court of Braxton County, for
the settlement of the estate of W. L. J. Corley, instituted by A.
W. Corley, executor, against Sarah C. Corley, the widow, and
others, in 1885, was still pending in 1898, and Louisa W. Kelly,
(nee Corley,) not having then received from the executor all
that was due her under the will of her father, employed E. S.
and C. H. Bland, partners in the practice of the law, doing busi-
ness as Bland and Bland, to prosecute her claim to final settle-
ment in said suit, which they did and procured a decree to be
entered in her favor on the 22nd day of January, 1901, for the
sum of $956.72, subject to a credit of $200.00.    Immediately
afterwards, a controversy arose between Mrs. Kelly and her
attorneys about counsel fees, they claiming from her $350.00,
and she contending that she owed them nothing.    She had paid
them about $200.00, which sum, she insisted, was all she owed
them under the contract of service.    They admitted the payment
of the $200.00, but insisted that that sum was due them for ser-
vices in procuring the transfer of something over $8,000.00 from
the hands of her guardian in West Virginia to those of her guar-
dian in Pennsylvania, to which state she had moved.

Mrs. Kelly, by a written notice to the executor, forbade pay-
ment by him to her attorneys and they thereupon gave him no-
tice, in writing, that they claimed and would assert an attorney's
lien upon the funds in his hands for their fees.    Thereupon the
executor presented his petition to the judge of the circuit court
showing that J. S. Hyer had caused an attachment against Mrs.
Kelly for $313.05, to be levied upon her estate in his hands;
that soon afterwards, Bland and Bland had given notice of their
claim of an attorney's lien on the fund for fees, amounting to
$350.00; that later the sheriff of Braxton County had commenced
a proceeding against him for the collection out of said fund of
taxes due from Mrs. Kelly, amounting to $103.71; that there

was a dispute among the parties as to their rights of priority, in respect to said fund; and that Mrs. Kelly was endeavoring to have an execution issued against him for the sum decreed to her; and praying that she be enjoined from suing out an execution or any process for the collection of said sum until the claims asserted against it should be settled and that the parties interested be compelled to litigate their respective claims before the court. The injunction was awarded, Mrs. Kelly filed her answer, denying liability to Bland and Bland, and they appeared and answered also, setting up their claims. Then on the 31st day of August, 1901, an order was made, directing an issue out of chancery as to the matters in controversy, and on the 30th day of November, 1901, Bland and Bland moved the court to set aside the order directing said issue, which motion was overruled, and jury was impanneled and the issue between Bland and Bland and Mrs. Kelly tried. The jury found for the defendant, Mrs. Kelly. A motion was made to set aside the verdict on the ground that it was contrary to the law and the evidence, and that the court had erred in directing the issue out of chancery and in overruling a motion to set aside said order, but the court overruled the motion and entered the following order: "Therefore it is considered by the court that L. W. Kelly recover of E. S. Bland and C. H. Bland, partners in the practice of law under the firm name of Bland & Bland, her costs in this behalf expended." Thereupon Bland and Bland obtained an appeal.

There is no necessity for inquiry as to whether the proceeding in which the order was made is a pure interpleader suit in equity, whether the final disposition of the controversy must be by a decree, either upon, or without, a verdict upon an issue out of chancery, according to the nature of the controversy and the evidence; or the statutory interpleader given by section 1 of chapter 107 of the Code, in which the final decision is by judgment; or a proceeding by mere motion to the court, upon citation, for the adjudication of conflicting claims, respecting a fund in court, in which there must be an order, decree or judgment, either giving or disallowing what is claimed. There is no judgment or decree here saying whether Bland and Bland shall or shall not have the amount claimed by them or any part thereof, nor whether the fund upon which they make their claim

has been decreed to anybody else. The order gives judgment
against them for costs only and is silent as to the claims set up
in their answer.

There are a few cases that hold that the existence or rendi-
tion of a judgment may stand upon mere inference or intend-
ment, where there is no positive, affirmative, or certain rendition
of judgment, but where enough appears in the order to show
that the court intended to render judgment or to support an
inference that the court so intended. Thus, in *Kase* v. *Best,* 15
Pa. St. 101, 53 Am. Dec. 573, the court held the entry made
by a justice of the peace, "Therefore plaintiff .for costs" to be
a sufficient rendition of judgment, saying, "It was clearly the
intention to give final judgment for the defendant, and, that
being evident, the magistrate is not to be held to strict form."
In *Brown* v. *Parker,* 97 Fed. Rep. 446, a judgment merely
against the plaintiff for costs in a blank amount, reciting that
it is rendered on a verdict for defendant returned by direction
of the court is sufficiently final and definite to give the right
of appeal. All that is said in the opinion in support of this de-
cision is, "We are of the opinion that the practical and proba-
bly the legal effect of the judgment is a dismissal of the action.
The plaintiff in error can hardly proceed to recover damages for
the conversion of the property in suit, in the face of this record-
ed judgment." No precedents are cited for the decision in
either of these cases, and in the opinions, the orders held good
are admitted to be exceptionally and grossly defective in mat-
ter of form. Moreover, the courts are compelled in each case
to say that they reached the conclusion that judgment was ren-
dered, by inference only. The weight of authority as well as
reason stands against them. A verdict is no judgment. It is a
mere report to the court by the jury on the matters submitted
to them in the course of trial, and may be set aside by the court
for want of sufficient evidence to support it, or for eroneous
rulings by the court which vitiate it. It is, in no sense final
until the court pronounces upon it the sentence of the law, *quad
recuperet,* (that the plaintiff recover), or *nil capiat,* (that the
plaintiff take nothing by his bill). "Judgment is the sentence
of the law upon the matter contained in the record." 3 Blk.
Comm. 395; Steph. Pl. 138. There must be a declaration by
the court of the consequences which the law attaches to the

facts, in order to determine the subject matter of the controversy between the parties. Until there is such declaration, there is no judgment. For this reason, an adjudication merely of the costs against one party or the other, upon the verdict, without pronouncing any judgment in reference to the controversy has been held not to be a judgment. *Hanks* v. *Thompson*, 5 Tex. 6; *Warren* v. *Shuman*, 5 Tex. 442; *Scott* v. *Burton*, 6 Tex. 332; 55 Am. Dec. 782; *Hancock* v. *Metz*, 7 Tex. 177; *Lisle* v. *Rhea*, 9 Mo. m. p. 103, t. p. 107. Cost is a mere incident or sequence of a judgment, following it like a shadow.

Nor is it sufficient that the court go so far as to set forth in the order the finding of fact and the conclusions of law, clearly showing that it was the intention of the court to render a certain judgment. The judgment must be actually pronounced and entered in the order book. *Fitzgerald* v. *Evans*, 53 Tex. 461; *Mayfield* v. *The State*, 40 Tex. 289. In the latter case the order said, "It is the opinion of the court that the law is for the State, and the defendant's motion is overruled, to which ruling of the court defendant excepts," and it was held insufficient as not being a "judgment of conviction rendered." In both of these cases, the court said that the judgment consists of two parts: "1. The facts judiciously ascertained, together with the manner of ascertaining them, entered of record. 2. The recorded declaration of the court, pronouncing the legal consequences of the facts thus judiciously ascertained." To the same affect are *Lumber Co.* v. *St. Croix County*, 63 Wis. 647; *Hoey* v. *Pierron*, 67, Wis. 262; *Gilpatrick* v. *Glidden*, 82 Me. 201, where it is held that a decree becomes final when formally drawn, adopted by the court and placed on file as the judgment of the court, and that a mere order for a decree, not extended in due form and put in technical language, is not a final decree. "If a record shows that a jury has been sworn and impanneled, and that they find for the plaintiff for the lot sued for (describing it), and twenty-five dollars for detention, and adds 'and judgment is rendered against the defendants for the land sued for, together with all costs in this behalf expended, for which execution may issue,' this is not such an entry of judgment as will support an appeal." *Bell* v. *Otts*, 101 Ala. 186, 46 Am. St. R. 117. This was pronounced by the court to be in substance a mere memorandum of the clerk, which

declares no more than that a judgment was rendered, without setting out what the judgment was, and then says, "This entry is lacking in form and material averments to constitute it a judgment, and to support it as such would be to sanction an uncertainty and looseness in the record and preservation of solemn and important judicial ascertainments, such as would be pernicious."

All that can be said in support of the finality of the order here complained of is that the court, by directing the issue, refusing to set aside the order directing it, and overruling the motion to set aside the verdict and giving judgment for costs against the appellants, indicates that it is satisfied that no error has been committed and will pronounce a final adjudication in accordance with the verdict, or that a judgment has been rendered, but omitted from the order. That, as has been shown, is not enough. There must be an adjudication that the suit of the appellants be dismissed—that they take nothing by their bill or whatever the court may determine their pleading to be. Even if the view that a judgment or decree may be established by inference were adopted, no certain inference could be drawn here. From this record, it is impossible to tell whether in entering the order complained of the court meant merely to award the cost of the trial of the issue and reserve the adjudication of the controversy for disposition by a decree to be entered on the chancery side of the court, or to dismiss the claim of the appellants. On that supposition, the order would not have even the semblance of finality, for, if the court, in proceeding to final decree, were of the opinion that the issue had been improperly directed, it would be its duty to set aside the order and disregard the whole proceeding on the issue out of chancery, and enter a decree without regard to the verdict. *Anderson* v. *Cranmer,* 11 W. Va. 562; *Mahnke* v. *Neal,* 23 W. Va. 58.

Under our statute, Code, chapter 135, section 1, clause 1, an appeal, writ of error or *supersedeas* lies only when there is final judgment, decree or order. So it is by the decision of this Court also. *Damron* v. *Ferguson,* 32 W. Va. 33. Such is the general rule elsewhere. As to what is a final judgment, the general rule accords with the conclusion here reached. "A writ of error or appeal will not lie form the verdict of a jury without an entry of judgment thereon, nor from the finding of

facts or conclusions of law not followed by judgment. Hence, the opinion of the court, no order being entered in accordance therewith, is not reviewable." 2 Cyc., 616; see also Elliott App. Pr., section 83.

The appeal having been improvidently allowed, it must be dismissed.

*Dismissed.*

### ON PETITION FOR RE-HEARING.

It is insisted, upon the authority of *Tompkins* v. *Stephens,* 10 W. Va. 156, and certain Virginia cases, that the order in question is applicable. In *Tompkins* v. *Stephens,* an order setting aside a verdict rendered on the trial of an issue out of chancery was held to be appealable and reversed. Point one of the syllabus holds that a decree granting or refusing a new trial on an issue out of chancery is reviewable, without saying whether a final decree is necessary, to the entertainment of the appeal, and the opinion is silent on that question, but the court did entertain it, and, hence, the case establishes a precedent, where a new trial *has been granted,* but not where it *has been refused,* and no final decree entered. The authorities, cited by JUDGE GREEN for the doctrine announced in the syllabus, are all actions at law. One was on a demurrer to evidence, making it the duty of the court to render a judgment one way or the other, and, in the other two, there were final judgments, following the orders, relating to the verdicts. After merely referring to these cases, *Knox* v. *Garland,* 2 Call 241; *Briscoe* v. *Clark,* 1 Rand 213, and *Pleasants* v. *Clements,* he says : "And I see no good reason why the same practice should not prevail in reference to granting or refusing new trials on issue out of chancery." Neither any of these cases nor *Tompkins* v. *Stephens* sets a precedent for entertaining an appeal from a mere order refusing a new trial, and we cannot go beyond them in view of the well-nigh universal rule that appeals cannot be taken except from decrees that are final in some sense, either absolutely or as settling the principles of the cause. As shown in the opinion, the orders from which this appeal is sought to be taken settle nothing in the cause. An order granting a new trial might be different. Clause 9 of section 1, chapter 135,

Code, allows an appeal in such case, but not from an order refusing a new trial, and, in the latter case, a writ of error is never allowed except from the judgment entered on the verdict.

*Reed* v. *Cline,* 9 Grat. 136, is relied· upon as holding that an order directing an issue out of chancery is appealable. But that case lays an important restriction on this assertion. It says: "There may be an appeal from a decree directing an issue, *where the decree impliedly involves a settlement of the principles of the cause,"* and no authority is cited in the opinion for the principle, even under that restriction. In that case the appeal was entertained becuse in directing the issue the court impliedly held "that the statute of limitations and the staleness of the demand" were not "sufficient defenses against the complainant's demand." Even if this reasoning is sound and would be followed now, this case is not within its scope, for it presents but a single question of liability upon an alleged contract which was in no sense prejudiced by the order directing the issue. *Reed* v. *Cline* was followed by *Wise* v. *Lamb,* 9 Grat. 309, but in that case there was a final decree in accordance with the verdict. Although *Wise* v. *Lamb* approves the doctrine of *Reed* v. *Cline,* it does not decide the same question and cannot be said to be another precedent. In *Beverly* v. *Walden,* 20 Grat. 147, in which there had been no final decree, when the appeal was taken, the evidence had all been taken and clearly showed that the plaintiff was not entitled to relief, and that a decree dismissing the bill should have been pronounced when the issue was directed, and it was dismissed in the appellate court. We have no such condition here. As the case cannot be brought within the reasoning of any of the cases referred to, a rehearing would only result in delay and final dismissal of the appeal. Hence, it is refused.