# CHARLESTON.

B. & O. RAILROAD CO. v. WHEELING TRACTION CO.

Submitted June 11, 1910.    Decided November 28, 1911.

APPEAL AND ERROR—*Order in Equity—Striking Evidential Matter from Answer*

An order in a chancery cause, sustaining exceptions to an answer and striking from it only evidential matter, without eliminating the allegations of defensive rights or denials of controverted averments of the bill, is not appealable.

Appeal from Circuit Court, Marshall County.

Bill by the Baltimore & Ohio Railroad Company against the Wheeling Traction Company. Decree for plaintiff, and defendant appeals.

*Dismissed.*

*Erskine & Allison,* for appellant.
*Hooton & Hooton,* for appellee.

POFFENBARGER, JUDGE:

The material question presented by this record is the appealibility of the decree complained of, which did nothing more than strike out, upon exception, certain portions of the defendant's answer to the plaintiff's bill, on which a preliminary injunction had been granted. The purpose of the suit is to enjoin the defendant, the Wheeling Traction Company, whose line of railway is constructed and operated on the public road, along a steep hill side, at a place called "The Narrows," between Wheeling and Moundsville, above the line of the plaintiff's steam railroad, located at the foot of the same hill side, from throwing earth, stone, timber and other materials down upon or near the railroad track of the latter. The defense, set up by the answer is a right, in the nature of an easement, to clear away landslides from said public road by removing the stone, earth and other materials to the lower side thereof or over the bank and allowing them to pass on down the hill on to the plaintiff's right of way, or track, if need be. Expressing the opinion that denial, by the defendant, of its having interfered with the plaintiff's right of way, as charged, or its acquisition, by contract or prescription or both, of a right to remove earth and other debris over plaintiff's right of way and track, were the only possible defenses, consistent with admitted rights, the circuit court struck out certain portions of the answer, deemed by it to be in conflict with that opinion.

In setting forth the defendant's claims and contentions, the answer, after having fully described the location and relative positions of the two railroads, detailed the history of the acquisition of their several rights. Originally, the county road occupied the present site of the plaintiff's railway. About the year 1852, that railway was built on said public road, and what is called a trail along the hill side above it was opened by the plaintiff for use in lieu thereof. Sometime after this was done, the plaintiff was indicted for having obstructed the public road at the place in question. Then an agreement for arbitration was executed by the plaintiff and the county court of Marshall county. Under the articles of submission, an alternative award was made, giving the plaintiff the right either to pay to the county court $5,800.-

00 in full consideration of all the matters in difference submitted as aforesaid, presumably the estimated cost of acquiring the right of way for a new road and constructing the same, or to build and complete such new road and, in addition thereto, pay to the county $700.00, the estimated cost of removing future landslides. The plaintiff elected to do the latter, built a new road, and was relieved from further prosecution. This historical matter is a portion of what the court struck out of the answer. It then struck out matter to the following effect: That the award of $700.00 and payment thereof were not intended to relieve the plaintiff from the burden of caring for such slips or landslides, originating above the county road, as might come down upon its right of way or track, or, having lodged in the county road, as might be passed over the bank and afterwards proceed to the foot of the hill; that there was nothing in the agreement or award to indicate that the county authorities, in taking charge of the new road, should be under any obligation to relieve or protect the plaintiff from such slips; that it would have been easier for the plaintiff, on account of its location, to dispose of these landslides than for the defendant to do so; that, if the court should require the defendant to replace the landslides, or provide a place or places of storage therefor, the plaintiff would be relieved from a very considerable pecuniary outlay and given almost complete immunity from interruptions to its traffic resulting from landslides; that the defendant is a common carrier, transporting as many or more passengers than the plaintiff, wherefore the public convenience is interfered with as much by interruptions to its service by landslides as by like interruptions of the business of the plaintiff. All of the balance of the answer, explicitly stating and claiming the right or easement aforesaid, founded upon long continued user, dating from about the year 1856, and an implied agreement arising out of the conduct of the parties, including assertion and exercise of such right, claimed under the county court of Marshall county, by virtue of a contract giving the defendant the use of the public road for its railway, on condition of its keeping it in repair, and acquiescence therein by the plaintiff for the long period of time aforesaid, was regarded and treated as proper matter of defense and the plaintiff's exceptions thereto were accordingly overruled. The documentary evidence of the transactions between the county

court and the plaintiff, consisting of copies of orders made and entered by said court, reciting the agreement, award, plaintiff's election and performance under the award, and the permission of the defendant to occupy the new county road in consideration of the payment of $3,000.00 and its agreement to keep the road in repair, was exhibited with the bill, and none of it was stricken out.

The statutory right of appeal from a decree settling the principles of a cause is not controverted, but the character of this decree has been discussed at very considerable length in the briefs, the appellant regarding it as an appealable one and the appellee resisting this interpretation of it. Nor does there seem to be any very great difference of opinion among counsel as to what constitutes a settlement of the principles of a cause. Argument of the appellant proceeds upon the theory of the elimination from the answer, by the action of the trial court, of the only defense therein set up. While this claim is denied in the argument for the appellee, the denial is not supplemented by any analysis of the answer as it stood, before portions of it were stricken out, or any interpretation of it as it now is. In our opinion, the claim made in the brief for the appellant is entirely too broad. The elminated portions of the answer did not constitute the sole defense, nor indeed, any portion of the defense set up. All that has been excluded or stricken out is mere matter of evidence and argument, based largely upon the documents which remain as exhibits filed with the answer. No claim of any right or easement is expressly asserted in the eliminated portions. That appears in those portions as to which the exceptions were overruled. In them, is found not only the assertion of the defendant's alleged right, by way of excuse for the acts complained of and justification thereof, together with the denial of some of the charges of the bill, but also a very full statement of the relevant and material facts.

As the court expressed the opinion in its decree that only certain defenses, hereinbefore stated, can be made, and filed a written opinion in which some of the contentions and claims set up in the answer are disapproved and declared to be untenable, it is probable that, in some subsequent decree, or on the final hearing, they will be partially or wholly disallowed, but the court has not proceeded that far yet. The opinion is accorded entirely too

much scope and effect in the argument for the appealability of the decree. Properly considered, it is merely explanatory of the action of the court. It is only the reason given for what the court did, not that which was done. The opinion and the order, read in the light of the answer as it now stands, are not consistent. In other words, the opinion is far broader than the order. The court has not done all it intended to do, if the language of its opinion and order accurately reflect its views. The opinion is revocable and alterable and the expressions may be retracted. An appealable decree under the clause of the statute invoked, is one "adjudicating the principles of the cause." A mere declaration of opinion may foreshadow future action of the court, but does not adjudicate anything. For this reason, an order overruling or sustaining a demurrer is not appealable. *Buehler* v. *Cheuveront,* 15 W. Va. 479; *Laidley* v. *Kline,* 21 W. Va. 21; *Watson* v. *Wigginton,* 28 W. Va. 533. On the same principle, an appeal from a decree, referring a cause to a commissioner, or recommitting it, is denied. *Lodge* v. *Swann,* 37 W. Va. 176; *Hooper* v. *Hooper,* 29 W. Va. 276. To be appealable a decree must carry the sentence of the law or will of the court into effect. *Armstrong* v. *Ross,* 56 W. Va. 16; *Hill* v. *Cronin,* 56 W. Va. 174; *Corley* v. *Corley,* 53 W. Va. 142.

Another rule, requiring adjudication of all the principles of the cause, as a requisite of appealability, would necessitate dismissal of this appeal. If it be conceded that the order goes beyond elimination of evidential matter and actually adjudicates something, it clearly does not settle all the principles of the cause. The answer still contains defensive matter. That a decree, to be appealable, must settle all the principles of the cause, has been repeatedly decided. *Hill* v. *Cronin,* 56 W. Va. 174; *Hooper* v. *Hooper,* 29 W. Va. 276, 283; *Shirey* v. *Musgrave,* 29 W. Va. 131; *Hill* v. *Als,* 27 W. Va. 215; *Laidley* v. *Kline,* 21 W. Va. 21; *Camden* v. *Hayman,* 9 W. Va. 680; *Steenrod* v. *Railroad Co.,* 25 W. Va. 133; *Buehler* v. *Cheuvront,* 15 W. Va. 479.

Having been improvidently awarded, the appeal will be dismissed.

*Dismissed.*